*133
 
 Battle, J.
 

 Upon the best consideration, which we have been able to give to this case, we are clearly satisfied, that the bequest, contained in the 7th clause of the testator’s will, cannot be sustained. It is an attempt to create a fund and keep it in existence, for a purpose, which
 
 ma/y
 
 not be finally accomplished for a period longer than that which the rule, against perpetuities, will allow. "Whether the administration of this fund by the executor, as “ treasurer,” is to be deemed a power or trust in him, the necessary effect of it will be, that the fund will be tied up and kept from commerce during the entire lives of the testator’s children and grandchildren, which it is manifest may be, and probably will be, much longer than a life, or lives in being at the testator’s death, and twenty-one years afterwards. This makes the bequest void, althought it might happen that all the grandchildren would die within twenty-one years after the death of all the testator’s children. In a case of this kind, it is well known to be
 
 “
 
 an invariable principle in applying the rule, under consideration, that regard is had to possible, not actual events, and the fact, that ' the gift
 
 might
 
 have included objects too remote, is fatal to its validity irrespectively of the event.” In the present case, it is plain that the gift of the fund
 
 might
 
 be needed by the objects of the testator’s bounty, for some time after the time allowed by the rule against perpetuities, that is, after twenty-one years, from the death of the last survivor of the testator’s . children; see 1 Jarman on Wills, 227, et seq., where the subject is fully discussed and explained; see also 2 Rop. on Leg. 298, et seq.
 

 In deciding against the validity of the bequests, upon the ground, that it violates the settled rule on the subject of per-petuties, we do not intend to give, or intimate an opinion, whether the objects of the intended chairity are sufficiently definite, or the manner in which they are to be ascertained, is pointed out with sufficient precision.
 

 The plaintiffs are entitled to a decree, according to the prayer of the bill.
 

 Per Curiam, Decree for the plaintiffs.