Louderbough *v.* Weart.

## LOUDERBOUGH *vs.* WEART.

1. The words in the will used to dispose of certain personal property, *held* to constitute a *specific* bequest.

2. When express directions are given in a will to sell land and no person is named to make the sale, the power of sale is held by implication to be in the executors, in cases where it is their duty to distribute or pay out the proceeds.

Louderbough v. Weart.

*Mr. McGee*, for complainant.

*Mr. J. B. Vredenburgh* and *Mr. Weart*, for defendant.

THE VICE-CHANCELLOR.

The two questions for solution in this suit by executors for the construction of the will of John McEldery, deceased, arise out of that portion of his will which is in the words following, to wit:

"After all my lawful debts are paid and discharged, I give and bequeath to my beloved sister, Anna McEldery, of Philadelphia, my personal property, consisting . of three-quarters of steamer Chief, three-quarters of steamer Oyster Bay, seven-eighths of steamer Helen Brown. It is my request that this property be sold as soon as possible and to the best advantage, and the amount accruing from sale I want invested in reliable securities, and two-thirds of the accruing interest to be held as cash and reinvested with the original amount. I also bequeath to her my lots in Bergen, they to be sold at the best advantage, and payments thereon to me, made as short as possible, to settle up estate."

The executors proved the will in Hudson county, in September, 1872, and made sale of the steamboat property above bequeathed, for $21,150, which sum is not disputed to have been a fair and reasonable price. The first of the two questions to be decided in this suit, relates to this money, and is the question whether the executors are entitled to hold and manage the money, or whether it should be held and managed by the defendant, who is the lawful guardian, in this state, of Anna McEldery, the sister, a lunatic, residing in Philadelphia. The second of the two questions relates to the Bergen lots, and is whether or not the executors have power to sell them.

The whole will is very unskillfully drawn. The draftsman evidently failed clearly to see or to express the testator's intent, and the difficulties in the way of construing the will with confidence, justify recourse to this court for instructions.

I am of opinion that the words disposing of the steamboat property, constitute a specific bequest. The sale by the executors having been for an adequate price, and being assented to by the guardian so far as to render it valid, the only consequence now resulting from the specific character of the bequest is, that the defendant, representing Anna McEldery, to whom the bequest was made, is entitled to take the money, as he was entitled to claim the interests in the boats before the interests were sold. I do not see any room to question the specific character of the bequest, and when by virtue of it, the proceeds of the property are brought into the hands of the guardian, the difficulty growing out of the imperfect directions of the above portion of the will as to what shall be done with these proceeds, does not seem to me a serious one. If Anna McEldery should become of sound mind, she would be entitled, I think, to take the principal fund, and the imperfect or incomplete directions as to the interest accruing on it, could not impair or qualify her absolute power of disposal of the whole. These directions do not raise, in my judgment, the point of perpetuities, as was suggested at the argument. I regard them as of no legal efficacy to interfere with the absolute ownership of the property bequeathed to her. The guardian would be entitled to use for her benefit, whatever might be necessary or proper. The provisions made for her by other parts of the will, are such that the guardian will probably not be called on to expend more than one-third of the accruing interest on the fund in question. The other two-thirds he may invest, and in this way the original fund, with the accumulations, may be held till her restoration to mental soundness, or till her death, when the whole will belong to her lawful heirs. This state of things would exclude any practical necessity for construing the directions referred to, but if more than one-third of the interest should be needed for her support, I have no doubt that the guardian would be entitled to use it. The directions are so incomplete and uncertain, that no restrictions or limitations can be inferred from them in contravention of the

absolute bequest of the property from which the interest is to arise.

In respect to the second question, namely, by whom are the lands to be sold? I am of opinion that inasmuch as the proceeds of the sale appear by the words of the will to be made payable to his estate or to his representatives, and to be used or applied in the settlement of his estate, a power arises by implication to the executors to make the sale; and if the proceeds can then lawfully be paid over to the devisee, consistently with the conditions of the estate towards creditors or legatees, then to pay such proceeds to the sister Anna, or her guardian.

When express directions are given to sell, and no person is named to make the sale, the power of sale is held to be in the executors by implication, in cases where it is their duty to distribute or pay out the proceeds. *Seeger's Executors* v. *Seeger*, 6 *C. E. Green* 90; *Williams on Executors, Vol.* 1, 579.