Battle, J.
 

 In the case of
 
 Troy
 
 v.
 
 Troy,
 
 Busb. Eq. Rep. 85, we said, “That a court of equity has, in this State, the power to decree a sale of lands held in trust for a feme covert and infants, upon the petition of the feme and the guardian of the infant, we think, cannot be questioned; and in a proper case, such a sale will be ordered, and the proceeds directed to be laid out in the purchase of other lands, or perhaps vested in stocks, and settled upon the same trust. Whether the power of the court extends to a case like the present, where the trust is for a class of persons, some of whom may, but have not yet come into existence, it is unnecessary for us to decide; for, admitting such a power, we do not think this a proper case for its application.” The question which we, in that case, were at liberty to evade, now comes before us in a manner which compels us to decide it; and after full consideration, aided by the arguments of able counsel, we are compelled to say, that we cannot find from the authority of an adjudicated case, or deduce from any analogy to the admitted powers of the court of equity, that it has, or has ever claimed, the power which we are now called upon to exercise. The plaintiff is tenant for life, with a contingent remainder in fee to his children v’lio may be living at his death, and to the issue of such children as may have died in his life-time leaving children, with an executory devise over to the defendants in the event of his dying without issue. .The counsel for the plaintiff are compelled to admit that, after a diligent search, they cannot find a case in which a court of equity has undertaken to order the sale of land limited to persons not in esse. That alone affords a pretty strong argument against
 
 *403
 
 the existence of a power in the court to do so; for there must have been many — very many — instances in which the tenant for life, or tenants in fee, with an executory devise to unborn children, would be much benefitted by, and would therefore very much desire, the exercise of such power. The difficulty consists in there being no persons in existence for whom the court can be called upon to act. It was the will of the testator to give only a limited estate to the first taker, leaving the most valuable interest in the property to be enjoyed by those who are
 
 m posse,
 
 but not in
 
 esse.
 
 It would defeat that will, to some extent at least, if the real estate were converted into personal, and
 
 that
 
 any court would be reluctant to attempt to do, unless it were entirely satisfied of its power to act. Even in the case of infant persons, in esse, it was gravely doubted, until 1827, whether the courts of equity in this State had the power to order the sale of their lands, even if their best interests required it; for the act of the Legislature, which expressly confers the power, has the following preamble: ■“ Whereas, doubts are entertained whether it is competent for any judicial authority to direct sales to be made by guardians of the real, or personal, estates of their infant wards, except in the cases specified in the acts of Assembly passed in the year 1762, and in the year 1789 ; and whereas, the best interests of infants sometimes demand that such sales should be made in cases to which the enactments of those acts do not extend;
 
 Be it therefore
 
 enacted,” &c., see acts of 1827, cha. 33. It is unnecessary for us now to determine whether those doubts were well or ill founded. Their existence alone as applied to persons in esse, represented by guardians, whose bounden duty it is to take care of their interests, affords a strong, if not conclusive, argument, that the courts did not possess any power to order the sale of real estate limited to persons unborn, and not even in
 
 ventre sa
 
 mere, who cannot have a guardian, and who cannot, therefore, be represented before the court. We think the argument is rendered quite conclusive, when it appears that no case can be shown, either in England, or in this State, where such a power has ever been exercised.
 

 
 *404
 
 The cases in the English courts, cited by the plaintiff’s counsel, where decrees have been made in causes concerning lands, in which the tenants in tail only, without the remain-derman, were made parties, do not apply, because the rule was adopted for convenience, the remaindermen being considered
 
 “
 
 mere cyphers” on account of the power of the tenants in tail over the estate.
 

 In the present case, the tenant for life had never been married, and, of course, had no children, which makes a difference between it and a case where there are some children born, who may represent the class, and for whom, when their interest requires it, the Court may decree a sale of their real estate, by virtue of the act to which we have above referred.
 

 Pee Cueiam, Decree accordingly.