E. B. YANCEY et als., ex parte.

(Decided March 14, 1899).

*Devise—Life Tenant—Remaindermen—Order of Sale—Purchaser.*

1. Where there is a devise for life with remainder over to persons not *in esse*, the life tenant still living, the Court can not order a sale, because there can be no one before the Court to represent the interest of the remaindermen.

2. It is otherwise, when all the remaindermen living are before the Court—they represent a class, and when the gift is general, with no element of survivorship in it, those afterwards born are concluded by the action of the Court upon those of the same class then before it—and the purchaser gets a good title. *Irvin v. Clark*, 98 N. C., 437.

PETITION, *ex parte,* for sale of land for re-investment. There was order of sale. Sale reported and heard before *Brown, J.,* at WAKE Superior Court, February Term, 1899.

One of the purchasers, J. D. Boushall, upon notice, refused to complete his purchase, on the ground, alleged, that he did not buy a good title. The Court adjudged otherwise, and required him to complete his purchase, to which ruling the purchaser excepted and appealed.

The point in issue related to a devise for life with remainder over, contained in the will of N. S. Harp.

The devise under consideration, and the circumstances of the case, are stated in the opinion.

*Messrs. Shepherd & Busbee,* for appellees.
No counsel *contra.*

FAIRCLOTH, C. J. N. S. Harp devised as follows: "All the residue of my estate, real and personal and mixed, I give and bequeath to my wife, Lucy H. Harp, during her natural life, and then in remainder to my daughter Elodia Benton Yancey, wife of Thomas B. Yancey, during her *natural* life *and then to her children."* Elodia and her children, some of whom are minors represented by their next friend, ask the Court to order a sale of the land, and that the proceeds be invested under the direction of the Court for their benefit. The purchaser of one lot declines to pay his bid, and raises the question whether the Court has the power to order the sale, and that is the only question.

We are not considering whether Elodia acquired an estate in fee or for life only. She and her children are asking for a sale. The only suggested difficulty is that by possibility she may have other children, whose interest can not now be sold. We think that appellant's contention is untenable.

When the life tenant, still living, has no child, it has been held that the Court has no power to order a sale of land where it is limited in remainder to persons not *in esse,* because there can be no one before the Court to represent their interest. *Watson v. Watson,* 56 N. C., 400; *Justice v. Guion,* 76 N. C., 442.

So also, if the devise was in remainder to *such children as should be living at the death of the life tenant* the Court could not sell, for until that event it could not be known who would take. *Miller, ex parte,* 90 N. C., 625; *Williams v. Hassell,* 74 N. C., 434.

But when all the remaindermen living are before the Court, they represent a *class,* and when the gift is general and there is no element of survivorship in it, it is otherwise, and by representation those who may afterwards be born are concluded by the action of the Court upon those of the same class, then before it, and the purchaser at such sale will acquire a good title against afterborn children of the same life tenant. *Irvin v. Clark,* 98 N. C., 437.

In *Williams v. Hassell, supra,* the Court said: "Suppose in the case before us the devise had been to the first takers for life, remainder to their children; that would take in all the children, as well as those born after the death of the testator as those born before, and in such case it may be that the born child might be allowed to represent the class." That supposed case is just what we now have before us.

The investment will be made as the Court may direct, and the cause is retained for further direction.

It is to the interest of our people that the title to property should be clogged as little as possible, with "limitations," "trusts," etc., and public policy requires that the alienation of land should be as free from such condition as any article of traffic.

Affirmed.