JAMES E. McPHERSON, Individually, as Managing Trustee, Donor or Trustor, and in All Other Capacities; THELMA P. McPHERSON, Individually, as Donor or Trustor, and in All Other Capacities; DORIS LUCILLE McPHERSON KIRKLAND and Husband, W. Rudolph KIRKLAND; MAUD CAMILLA McPHERSON HULL and Husband, RUSSELL M. HULL; JOSEPH EDWARD McPHERSON, Appearing by His Next Friend, RUSSELL M. HULL, and MARGARET DIANA McPHERSON, Appearing by Her Next Friend, RUSSELL M. HULL, v. FIRST & CITIZENS NATIONAL BANK OF ELIZABETH CITY, N. C.; F. T. HORNER, Administrator of the Estate of O. E. McPHERSON, Deceased; ANNE G. McPHERSON, Administratrix of the Estate of D. W. McPHERSON, Deceased; ANN CATHERINE KIRKLAND, MARILYN McPHERSON KIRKLAND, R. M. HULL, JR., PATRICIA DEE HULL; and KILLIAN BARWICK, Guardian Ad Litem of ANN CATHERINE KIRKLAND, MARILYN McPHERSON KIRKLAND, R. M. HULL, JR., and PATRICIA DEE HULL; and All Other Persons, Firms or Corporations, in Esse or Not in Being, Who Are Now or Might by Any Contingency Become Beneficiaries of or Entitled to Any Right, Title or Interest in, or Authority in Connection With the JAMES E. McPHERSON TRUST Created by Instrument Recorded in Book 111, Page 558, Office of the Register of Deeds of Pasquotank County, at Elizabeth City, N. C.

(Filed 7 April, 1954.)

**1. Wills § 33h: Trusts § 3a—**

If there is a possibility that a devise or grant of a future interest may not vest within 21 years plus the period of gestation after some life or lives in being at the time of the creation of the interest, the devise or grant is void by operation of the rule against perpetuities.

**2. Trusts § 3a—**

A grant of property to the trustee in an irrevocable trust with provision that upon the death of trustor's last surviving grandchild the trust should terminate and assets thereof should be distributed equally to the legitimate heirs of trustor's grandchildren is void by operation of the rule against perpetuities, it appearing that grandchildren of trustor might be born at any time during the next 50 years or more after the execution of the trust.

**3. Appeal and Error § 1: Infants § 1—**

When it appears in an action for the interpretation or reformation of a trust instrument that the judgment below affects the interest of possible unborn children of trustor, the Supreme Court, in the exercise of its supervisory powers, will protect *ex mero motu* the interest of the persons *in posse.*

**4. Infants § 12—**

In the absence of statute, an unborn infant cannot be made a defendant in an action and be represented by a guardian *ad litem.* G.S. 41-11.1. relates to representation of infants in proceedings involving the sale, lease, or mortgage of property but not to actions adjudicating the interest taken by persons *in posse* under a trust instrument.

**5. Same: Trusts § 3a: Wills § 39: Judgments § 29—**

The principle of virtual representation is in derogation of the general rule that a judicial decree does not bind persons not before the court, and the principle must be applied with great caution.

**6. Same—**

The principle of virtual representation of persons *in posse* applies only when living persons who have a privity of estate, or a similar or common interest with the persons *in posse,* are before the court, and this fact should appear from the pleadings.

**7. Same—Decree in this suit for construction and reformation of trust held not binding on persons in posse not having virtual representation.**

Trustor executed an irrevocable trust for the benefit of his children *in esse* and *in posse,* and their children, with further provision for the termination of the trust and the distribution of the *corpus* upon the death of trustor's last surviving grandchild. In this action for the construction and reformation of the trust instrument, judgment was entered that the provision for the vesting of the *corpus* contravened the rule against perpetuities, and a modification of the trust so as to provide for the vesting of the *corpus* within the limits of the rule against perpetuities, but which excluded any benefits to possible unborn children of trustor, was approved. *Held:* Conceding that the modification was to the interest of the trustor's children *in esse* and trustor's grandchildren, the interest of the trustor's unborn children is repugnant to the interest of his children *in esse,* and therefore trustor's unborn children were not before the court by virtual representation, nor could they be represented by the guardian *ad litem,* and therefore the judgment is not binding on possible unborn children of trustor.

McPHERSON v. BANK.

**8. Evidence § 6—**
    Under the common law rule it is presumed that any person may have
    issue so long as he lives.

APPEAL by Killian Barwick, guardian *ad litem,* from *Morris, J.,* Resident Judge and Judge holding the courts of the First Judicial District, at Chambers in the courthouse in Currituck, 30 December, 1953. From PASQUOTANK.

Civil action for interpretation and reformation of trust instrument, involving application of the rule against perpetuities.

On 26 December, 1944, the plaintiff James E. McPherson executed a declaration of trust which was duly registered three days later in the Public Registry of Pasquotank County. It is recorded in Deed Book 111, page 558 *et seq.* This instrument, hereinafter referred to as Exhibit A, is in summary as follows:

"THIS DECLARATION OF TRUST, Made . . . by James E. McPherson, of the County of Pasquotank, State of North Carolina, establishes and declares the following trust, to wit:

"1. The trust shall be called THE JAMES E. McPHERSON TRUST.

"2. The beneficiaries shall be: Doris Lucille McPherson, Maud Camilla McPherson, Joseph Edward McPherson, Margaret Diana McPherson, all other legal children of the donor which may be hereafter born, or their survivors or children.

"3. The donor, in consideration of the premises and of other considerations, hereby passing, conveys, assigns, sets over and transfers to the trust and . . . the trustees thereof hereinafter named the following stocks which at the close of business as of this date had the following value: (Then follows description of stocks of the value of $30,000.00) and such other gifts as the donor or any other person may make to the trust from time to time.

"The donor does hereby irrevocably renounce forever any and all claims to ownership in and to the assets or gifts he has or may hereafter give or convey to said trust including the dividends or profits arising therefrom. . . .

"4. The First and Citizens National Bank of Elizabeth City, North Carolina, is hereby designated the depository for the funds and securities of this trust.

"5. It is hereby provided that as soon hereafter as . . . is propitious and advantageous so to do, the managing trustee . . . or the trustees shall invest fifty per cent of the assets of the trust in real estate, it being the intention of the donor that approximately fifty per cent of the assets of said trust shall consist of real estate.

"6. James E. McPherson is hereby named, designated and appointed as the managing trustee of this trust so long as he shall live or be capable

of handling the same. In case of the death or voluntary or involuntary relinquishment of his trusteeship by the said James E. McPherson, the management of the trust shall be vested in three trustees who shall be as follows: The First and Citizens National Bank of Elizabeth City, C. E. McPherson of the City of Elizabeth City, North Carolina, and D. W. McPherson of the Town of Littleton, North Carolina, who shall manage the trust jointly in accordance with the provisions of the same hereinafter set forth, . . ." This paragraph also provides for the perpetuation of the trust—filling vacancies and appointing successor trustees—and makes provision for compensation of the trustees.

"7. The beneficiaries shall share and share alike as to any and all income from the trust and any liquidations of its assets so that while there is only one trust the beneficiaries are several and each beneficiary is entitled to his or her aliquot part thereof whether it be the income arising from the trust or the *corpus* of the estate. The income from the assets of the trust shall be distributed as hereinafter provided and if there remain any surplus it shall become a part of the *corpus* of the estate or an additional distribution made thereof as in the judgment of the managing trustee . . . or . . . trustees shall seem best."

8. This paragraph gives the trustees discretionary authority to sell assets and make changes from time to time in investments.

"9. The trust shall be operated for the benefit of the children of the donor hereinbefore named and those legal children hereafter born, and their children (the donor's grandchildren) and at the death of the last child of the primary beneficiary (the last living grandchild of the donor) the trust shall be terminated and the assets thereof distributed equally to the legitimate heirs of the primary beneficiaries' children *per stirpes* and not *per capita*. Should one or more of the primary beneficiaries have no legitimate children then his or her part shall be equally divided between the survivors, however, *per stirpes* and not *per capita,* provided, however, that an adopted child shall inherit equally with a blood child."

10. This paragraph makes available for each of the donor's children and grandchildren moneys for each of them to complete his or her education through college and professional school. The trustees are also directed to make contributions to the beneficiaries when they marry, on birth of children, and when they "start working," the amounts of these contributions to be in accordance with a stated formula based on the amount each beneficiary (child or grandchild) earns from his own work or business. However, the trustees are given broad discretionary power to vary the formula "to the end . . . there may be no actual suffering or hardship or unequal distribution of this trust."

11. This paragraph authorizes the trustees to invade the *corpus* of the trust when income is insufficient to meet disbursement requirements.

"12. Having in mind that while this trust is singular but the primary beneficiaries are several, and that each primary beneficiary has his or her aliquot part therein, it is provided that the grandchildren provided for herein shall only share in the aliquot part of his or her parent, and that such allowance as may be drawn in accordance with the provisions of this trust shall be charged to the part originally set up as belonging to his or her parent."

13. This paragraph prescribes requirements as to fidelity bonds for the trustees.

Between 26 December, 1944, and 2 January, 1950, James E. McPherson and wife, Thelma P. McPherson, made further conveyances and gifts to the trust, consisting of cash, corporate stocks, and lands, of the aggregate value of $216,850.00, in addition to the initial $30,000.00.

On 3 January, 1950, the plaintiffs James E. McPherson and wife executed an instrument in writing, later registered in the Public Registry of Pasquotank County in Book 141, page 89, purporting to amend "The James E. McPherson Trust," and directing annual payments of $600.00 to the Elizabeth City Chapel of the Church of Jesus Christ of Latter Day Saints.

The plaintiffs instituted this action on 3 November, 1953, alleging in their complaint in pertinent part as follows:

"First: That James E. McPherson, age 53, is the husband of Thelma P. McPherson, age 48, and that said parties are the parents of Doris Lucille McPherson Kirkland, age 28, the wife of W. Rudolph Kirkland, age 28, and Maud Camilla McPherson Hull, age 26, the wife of Russell M. Hull, age 29, and Joseph Edward McPherson, age 20, unmarried, and Margaret Diana McPherson, age 11. That Doris Lucille McPherson Kirkland, Maud Camilla McPherson Hull, Joseph Edward McPherson and Margaret Diana McPherson constitute all of the children of the said James E. McPherson and wife.

"Second: That Doris Lucille McPherson Kirkland and husband, W. Rudolph Kirkland are the parents of Ann Catherine Kirkland, age 4; and Marilyn McPherson Kirkland, age 2; that Maud Camilla McP. Hull and husband, Russell M. Hull, are the parents of R. M. Hull, Jr., age 2, and Patricia Dee Hull, age three months.

"Third: That on December 26, 1944, plaintiff James E. McPherson executed . . . that certain Declaration of Trust (herein referred to as Exhibit A) . . . That D. W. McPherson, named in paragraph six as one of the trustees of said trust, has since died, and Anne G. McPherson, his wife, is administratrix of his estate; that O. E. McPherson, named in said section as one of the trustees of said trust, has since died, and F. T. Horner, Jr., is the duly appointed and acting administrator of his estate.

"FOURTH: That neither the First & Citizens National Bank of Elizabeth City, . . . O. E. McPherson nor D. W. McPherson have ever qualified as trustee of said trust, or ever acted in said capacity. . . . That James E. McPherson, designated in paragraph sixth of said trust agreement as the managing Trustee of this trust, is one of the plaintiffs herein and has had the sole management and authority in connection with said trust throughout its existence."

"TWELFTH: That said donors (James E. McPherson and wife, Thelma P. McPherson) have heretofore irrevocably renounced any and all claims or right to ownership of or interest in any and all of the assets or gifts which he or she may have heretofore donated, transferred or conveyed to said trust, including all dividends, profits or other income arising therefrom. That it was the intention of said donors to make their four children, named in Exhibit A, the primary beneficiaries of said trust, and, in the event each child live to age 35, the sole beneficiaries thereof, with the unexpended benefits provided for each child descending to his or her issue, *per stirpes,* in the event of death prior to age 35. That by reason of the mistake of the draftsman, or the mutual mistake of the parties, the said instrument, Exhibit A, does not set out the true and real intent of said donors. That Section Nine of Exhibit A provides that said trust shall continue until the death of the last grandchild of donors, and thereby violates the rule against perpetuities, by reason of which the said provisions of said trust agreement are void in so far as they attempt to extend benefits in said trust fund beyond the primary beneficiaries, the children of donors.

"THIRTEENTH: That some provisions of the said original trust agreement, Exhibit A, are vague, uncertain, ambiguous, contradictory and require interpretation and clarification by this Honorable Court.

"FOURTEENTH: That it was the intention of said donors and particularly the said James E. McPherson to create and establish the . . . trust in accordance with that certain trust agreement, designated Exhibit H, dated the 30 day of October, 1953, a copy of which is attached to this complaint . . . That . . . Exhibit H, and the provisions thereof, are in accordance with the wishes and intentions of said donors, and plainly and clearly express the provisions of the original trust agreement which are legally valid and effective, and all parties having a valid interest in said trust have consented to the modification and amendment of the trust agreement as set out in Exhibit H. (The pertinent parts of Exhibit H are hereinafter set out.)

"FIFTEENTH: That James E. McPherson, managing trustee of said trust, who has been serving as such ever since said trust was created, desires, needs and requests the advice, and direction of this Court relating to the rights and interest of the beneficiaries thereunder in order that he,

or his successor as the trustee of said trust, may properly perform his duties thereunder. That, in equity and justice, the said declaration of trust should be reformed to speak the true intention of the parties, which intention was to make the children of the said James E. and Thelma P. McPherson the primary beneficiaries of said trust and entitled to the benefits and proceeds thereof as set out in Exhibit H.

"Sixteenth : That at the time of the execution of the original trust agreement, Exhibit A, the said James E. McPherson enjoyed good health and was physically able to serve as managing trustee of said trust. That the said James E. McPherson feels that he is now physically unable to perform the duties of managing trustee of said trust and, therefore, desires to resign as such, and requests that the Wachovia Bank & Trust Company, of Raleigh, North Carolina, be appointed as sole trustee of said trust. That the said Wachovia Bank & Trust Company, as trustee of said trust, shall be vested with title to all the property now held in said trust and shall have and possess all the powers, rights, discretions and responsibilities set forth in Exhibit H. That the said Wachovia Bank & Trust Company has a trained, experienced trust department, fully capable of administering said trust, and has indicated its willingness to accept the appointment as trustee of said trust. That all parties having a valid interest in said trust have consented to the appointment of said Wachovia Bank & Trust Company as the sole trustee of said trust.

"Wherefore, Plaintiffs pray that the said original trust agreement be reformed to speak the true intent of the parties; that the provisions of said trust agreement contrary to the rule against perpetuities be adjudged invalid and of no effect; . . . that the validity, force and effect of said trust agreement be adjudged and determined; that Exhibit H be adjudged . . . a correct and proper statement of the legal provisions of said trust agreement and . . . to be in full force and effect; . . ."

## Exhibit H.

"This Indenture, Made this 30th day of October, 1953, by and between James E. McPherson of the County of Pasquotank, State of North Carolina, (hereinafter sometimes referred to as 'Settlor') the first party, and Wachovia Bank & Trust Company, a North Carolina corporation, having its principal office in the City of Winston-Salem, North Carolina, as Trustee, (hereinafter sometimes referred to as 'Trustee') the second party, Witnesseth :

"Whereas by an instrument bearing date on the 26th day of December, 1944, (hereinafter referred to as the 'trust instrument') the Settlor established a trust known as The James E. McPherson Trust, and

"Whereas by an instrument of like date Thelma P. McPherson, wife of the Settlor, declared her intent to, and did, become a donor to said

trust, and she has consented and agreed to the execution and delivery of this Indenture, as evidenced by her signature hereto subscribed; and

"Whereas the said James E. McPherson, who was designated and appointed in said trust instrument as the managing Trustee of said trust, has resigned as such, and O. E. McPherson and D. W. McPherson, two of the three trustees therein designated and appointed to succeed the said James E. McPherson as Trustee, are both deceased, and the First and Citizens National Bank of Elizabeth City, the third of said successor Trustees, has expressed its desire not to qualify as Trustee of said Trust, and it is therefore necessary to designate and appoint a successor trustee of said Trust, and the said Wachovia Bank and Trust Company has consented and agreed to serve as such; and

"Whereas in accordance with certain provisions of said trust instrument, payments are to be made under certain conditions to the beneficiaries therein designated for their education, acquisition of homes, entering into business, having children, etc., but in paragraph 7 of said trust instrument it is specifically provided that such beneficiaries shall share and share alike as to any and all income from the trust and any liquidations of its assets, and the provisions of said trust are accordingly conflicting and ambiguous and require clarification and modification; and

"Whereas the Settlor has recently been advised that said trust instrument violates the rule against perpetuities, and it is believed that the interests of the beneficiaries of said trust will be promoted and that no one will be deprived of any valid interest under said trust instrument through the modification and amendment thereof as herein provided, and

"Whereas all the primary beneficiaries of said trust have consented and agreed to the modification of said trust instrument as herein set forth, as evidenced by their signatures hereto subscribed; and

"Whereas it is intended that this indenture shall not become effective unless and until the execution and delivery hereof shall have been duly authorized or approved by a court of competent jurisdiction of the State of North Carolina;

Now, Therefore, in consideration of the premises, it is stipulated and agreed that said trust instrument shall be, and the same is hereby modified and amended so that the same will read and provide as follows (all the provisions of said trust instrument being hereby superseded):

"For and in consideration of the love and affection which the Settlor bears toward the beneficiaries hereunder, the Settlor has transferred, assigned, conveyed, set over and delivered, and does hereby transfer, assign, convey, set over and deliver, unto the Trustee the securities and property described in "Schedule A" hereto attached, (showing the net assets of the trust to be $380,923.71 as of 31 December, 1952) . . ., but

in trust, nevertheless, for the uses and purposes and subject to the terms, conditions and provisions hereinafter set forth.

### ARTICLE I.

"The Trustee shall divide the trust property into four separate trusts of equal value, and shall hold, manage, control, invest and reinvest the property in each trust, and shall collect all the income therefrom, and shall pay, out of such income, all proper expenses, charges and taxes connected with the ownership, management, administration and upkeep of the property in such trust, and shall use and distribute the remaining or net income and the principal thereof as hereinafter provided,

"(a) The Trustee shall, from time to time during the term of one of said trusts, pay to, or expend for, the benefit of, the Settlor's son, Joseph Edward McPherson, if he is living at the time of the respective income distributions and has not previously attained the age of twenty-one years, so much of the net income . . . or principal of said trust as the Trustee, in its discretion may deem necessary or advisable in order to provide for his suitable support, care, maintenance and education, and any unexpended balance of said income shall be added to the principal of said trust. If the said Joseph Edward McPherson is living at the time of the respective distributions, and has previously attained the age of twenty-one years, the Trustee shall pay to him, quarter-annually (or more frequently if the Trustee deems it advisable), the entire net income of said trust. If and when the said Joseph Edward McPherson lives to attain the age of twenty-five years, the Trustee shall pay over and distribute to him, free and clear of all trusts, one-third of the then existing principal of said trust. If and when the said Joseph Edward McPherson lives to attain the age of thirty-five years, said trust shall fully and finally terminate, and the Trustee shall pay over and distribute to him, free and clear of all trusts, the balance of the principal of said trust, together with any undistributed income thereof. In the event of the death of the said Joseph Edward McPherson prior to his attaining the age of thirty-five years, the Trustee shall, from time to time during the remaining term of said trust, pay to or expend for the benefit of, such of the said Joseph Edward McPherson's issue (to the exclusion of any one or more of such issues) as the Trustee, in its discretion, may determine, so much of the net income . . . or principal of said trust as the Trustee, in its discretion, may determine, in order to provide for the suitable support, maintenance, care and education of such issue, and any unexpended balance of said net income shall be added to the principal of said trust. Said trust shall fully and finally terminate when (1) the property in said trust shall have been fully distributed as hereinabove provided, or (2) the said Joseph Edward McPherson shall have died, and all his issue, if any, shall

have each died or lived to attain the age of twenty-one years, or (3) twenty-one years shall have elapsed after the death of the said Joseph Edward McPherson, whichever of said events shall first occur; and unless the termination of said trust is occasioned by the full distribution of the trust property, any property then remaining in said trust (principal or income) shall be forthwith distributed, free and clear of all trusts, to the then living issue of the said Joseph Edward McPherson, *per stirpes,* and if there is no such issue, and any other issue of the Settlor is then living, to such other issue of the Settlor, *per stirpes,* provided, however, that if any other trust or trusts is then existing hereunder for the benefit of such other issue of the Settlor, the property which, except for this proviso, would be distributed to such other issue, shall be added to and be administered and distributed as a part of such other trust or trusts, income to be treated as income and principal as principal; and if no issue of the Settlor is living at the time of such termination, said property shall be distributed to such person or persons (including any body politic) as would be entitled to take personal property from the Settlor in accordance with, and in the proportions provided by, the laws of the State of North Carolina in effect at the time of execution of this Indenture were the Settlor to die at said time owning said property, and being intestate, unmarried and without issue, it being the Settlor's intention and direction that in no event shall any part of the principal or income of said trust revert to the Settlor or to his estate.

"(b) The Trustee shall, quarter-annually (or more frequently if the Trustee deems it advisable), pay to the Settlor's daughter, Doris McPherson Kirkland, if she is living at the time of the respective distributions, the entire net income of one of said trusts. If and when the said Doris McPherson Kirkland lives to attain the age of twenty-five years, the Trustee shall pay over and distribute to her, free and clear of all trusts, one-third of the then existing principal of said trust. If and when the said Doris McPherson Kirkland lives to attain the age of thirty-five years, said trust shall fully and finally terminate, and the trustee shall pay over and distribute to her, free and clear of all trusts, the balance of the principal of said trust, together with any undistributed income thereof. In the event of the death of said Doris McPherson Kirkland prior to her attaining the age of thirty-five years, the Trustee shall, from time to time during the remaining term of said trust, pay to, or expend for the benefit of, such of the said Doris McPherson Kirkland's issue (to the exclusion of any one or more of such issue) as the trustee, in its discretion, may determine, so much of the net income . . . or principal of said trust as the Trustee, in its discretion, may determine, in order to provide for the suitable support, maintenance, care and education of such issue, and any unexpended balance of said net income shall be added to the principal of

said trust. Said trust shall fully and finally terminate when (1) the property in said trust shall have been fully distributed as hereinabove provided, or (2) the said Doris McPherson Kirkland shall have died, and all her issue shall have each died or lived to attain the age of twenty-one years, or (3) twenty-one years shall have elapsed after the death of . . . Doris McPherson Kirkland, whichever of said events shall first occur; and unless the termination of said trust is occasioned by the full distribution of the trust property, any property then remaining in said trust (principal or income) shall be forthwith distributed, free and clear of all trusts, to the then living issue of the said Doris McPherson Kirkland, *per stirpes,* and if there is no such other issue and any other issue of the Settlor is then living, to such other issue of the Settlor, *per stirpes,* provided, however, that if any other trust or trusts is then existing hereunder for the benefit of such other issue of the Settlor, the property which, except for this proviso, would be distributed to such other issue, shall be added to and be administered and distributed as a part of such other trust or trusts, income to be treated as income and principal as principal; and if no issue of the Settlor is living at the time of said termination, said property shall be distributed to such person or persons (including any body politic) as would be entitled to take personal property from the Settlor in accordance with, and in the proportions provided by, the laws of the State of North Carolina in effect at the time of the execution of this indenture were the Settlor to die at said time owning said property, and being intestate, unmarried and without issue, it being the Settlor's intention and direction that in no event shall any part of the principal or income of said trust revert to the Settlor or to his estate."

(c) This section makes the same provisions for the Settlor's daughter Maud McPherson Hull and her issue as section "(b)" makes for his daughter Doris McPherson Kirkland.

(d) This section makes the same provisions for the Settlor's daughter Margaret Diana McPherson and her issue as section "(a)" makes for his son, Joseph Edward McPherson.

"(e) Any payment or payments of income . . . or principal made by the Trustee pursuant to the broad discretionary powers granted the Trustee in the next four preceding paragraphs, designated (a), (b), (c) and (d), shall not be construed as an advance and, accordingly, shall not be taken into account in any other distribution or distributions of income or principal made under this Indenture.

"(f) In dividing the trust property into four separate trusts, as hereinabove provided, the trustee may assign to the several trusts any property in kind, or any undivided interest therein; and the trustee may make joint investments of funds in the several trusts; and so long as it can be advantageously done, the trustee may hold the several trusts as a common fund,

and divide the net income therefrom among the several trusts proportionately."

Articles II, III, IV, V, and VI of Exhibit H, covering six pages of the record, contain provisions which relate in the main to the administration of the trust. These Articles are omitted as not being essential to decision.

On 30 November, 1953, an order was entered by the court appointing Killian Barwick guardian *ad litem* for the minor defendants Ann Catherine Kirkland, Marilyn McPherson Kirkland, Russell M. Hull, Jr., and Patricia Dee Hull, "and as guardian *ad litem* for all other persons, firms or corporations, *in esse* or not in being, who are now or might by any contingency become beneficiaries of or entitled to any right, title or interest in, or authority in connection with, the James E. McPherson Trust created by instrument recorded in Book 111, page 558, office of the Register of Deeds of Pasquotank County, . . ."

In apt time Killian Barwick, guardian *ad litem,* after duly accepting service of summons, filed answer denying that the declaration of trust, Exhibit A, was executed by mistake or that it violates the rule against perpetuities and specifically averring that the intent of the donors is to be gathered from the language of the declaration of trust, rather than from Exhibit H.

The defendants First and Citizens National Bank, F. T. Horner, Jr., administrator, and Annie G. McPherson, administratrix, although duly served with process, did not file answer or demurrer or otherwise appear.

After the time for answering had expired, a jury trial was waived by the plaintiffs and the answering defendant, and it was agreed that Judge Morris might hear the cause out of term and out of the county, find the facts and render judgment thereon. The cause came on for hearing and was heard at the courthouse in Currituck on 30 December, 1953. At the conclusion of the hearing Judge Morris found facts, made conclusions of law, and entered judgment, the gist of which follows:

### Findings of Fact.

"3. . . . That Doris Lucille McPherson Kirkland, Maud Camilla McPherson Hull, Joseph Edward McPherson and Margaret Diana McPherson constitute all of the children of James E. McPherson and wife (Thelma P. McPherson).

"4. That Doris Lucille McPherson Kirkland and husband, W. Rudolph Kirkland, are the parents of Ann Catherine Kirkland, age 4, and Marilyn McPherson Kirkland, age 2; that Maud Camilla McPherson Hull and husband, Russell M. Hull, are the parents of R. M. Hull, Jr., age 2, and Patricia Dee Hull, age 3 months. That the aforesaid four grandchildren

constitute all of the grandchildren of . . . James E. McPherson and wife at this time.

"5. That on December 26, 1944, the plaintiff James E. McPherson executed . . . that certain declaration of trust, designated as 'Exhibit A,' copy of which is attached to the complaint, said instrument being registered on December 29, 1944, in the Pasquotank Register's office, Book 111, p. 558.

"6. That the facts set out in Sections Third and Fourth of the complaint are true and correct and are hereby found as facts as if repeated verbatim herein."

7. In this paragraph the court found in substance that between 26 December, 1944, and 2 January, 1950, James E. McPherson and wife made additional gifts to the trust of the aggregate value of $216,850.00.

"8. That the annual donation of $600.00 to the Elizabeth City Chapel of the Church of Jesus Christ of Latter Day Saints, attempted to be made (by instrument recorded in the Public Registry of Pasquotank County in Book 141, page 89) is invalid and has no legal effect. That the said church, through its proper presiding officers, has filed a written statement herein releasing said trust from any such claim to said annual donation. That the . . . church . . . is, therefore, neither a necessary or proper party to this proceeding, and has no claim to any funds in said trust nor any rights under any agreement connected therewith."

"10. That on December 29, 1944, the time of filing said declaration of trust, Exhibit A, none of the grandchildren of said donors or settlors, now parties to this proceeding, were *in esse*. That there is a probability of additional grandchildren over a period extending for 30 years or more. That the provisions of said Exhibit A attempting to confer benefits or rights upon the grandchildren of James E. McPherson and wife violated the rule against perpetuities and are, therefore, void and of no legal effect, and ineffective to convey any rights or interests in said trust funds to any grandchild of the said James E. McPherson and wife. That the provisions of said trust agreement relating to said grandchildren are distinct and severable from the provisions thereof relating to the children of the said James E. McPherson and wife.

"11. That a proper interpretation of said trust agreement indicates that the children of the said James E. McPherson and wife, as named in Exhibit A, are the primary beneficiaries of said trust, with an equal share to each. That the provisions of said trust agreement as to said children are valid and legally effective. That the provisions of said trust agreement relating to said grandchildren are not material to its other terms and provisions relating to the said children, nor inconsistent with the trustors' paramount intention as revealed by the . . . trust agreement."

"13. That Exhibit H, dated October 30, 1953, with Schedule A, partially describing the properties included in said trust, thereto attached, has been executed by all of the plaintiffs to this proceeding as a proper statement of the intention of James E. McPherson and wife in creating said trust, and a proper interpretation of said trust agreement, and . . . Exhibit H has been executed by the Wachovia Bank and Trust Company, of Raleigh, N. C., through the proper and appropriate officers of its Trust Department, indicating its willingness to accept the position of trustee under said trust agreement. That James E. McPherson is physically unable to continue serving as managing trustee or otherwise in connection with said trust, and has resigned as such. That all parties having valid interest in said trust have consented to the appointment of the . . . Wachovia Bank and Trust Company as the sole trustee of said trust.

"14. That this Court does hereby find as a fact from the evidence, which the Court regards as strong, cogent and convincing, that Exhibit A does not reflect the true intention of the donors to this trust; that the failure of said Exhibit A to reflect the true intention of donors is due to a mistake of the draftsman; that the true intention of the donors is reflected by the terms and provisions of Exhibit H, which has been duly executed by all of the interested plaintiffs, and the Wachovia Bank and Trust Company; that Exhibit A should be reformed to speak the true intention of the donors, as set out in Exhibit H, all of which is hereby found as a fact from the evidence before the Court.

"15. That this Court does hereby find as a fact that Exhibit H, produced in Court in triplicate originals, all executed by the plaintiffs herein and the Wachovia Bank & Trust Company, as reformed, constitutes a proper statement of the valid provisions of Exhibit A and the other trust documents concerned in this proceeding, and is a proper interpretation and clarification of said trust indentures, and represents the real intention of . . . James E. McPherson and wife. . . .

"16. That the Wachovia Bank & Trust Company, through its Trust Department, is a proper, fit and suitable trustee for the management of said estate.

"17. That from the evidence before the Court, the Court finds as a fact that it is physically impossible for the said James E. McPherson to have additional children.

"Now, Therefore, It Is Ordered, Adjudged and Decreed:

"18. That the provisions of the original trust agreement, Exhibit A, relating to and attempting to provide benefits for the grandchildren of James E. McPherson and wife violate the rule against perpetuities, and are therefore void and legally ineffective. That said provisions are severable from and not inconsistent with the provisions of said trust agreement

relating to the children of James E. McPherson, the primary beneficiaries named therein;

"19. That the children of James E. McPherson and wife, plaintiffs herein, named in said Exhibit A, are the primary beneficiaries of said trust and entitled to all benefits thereof;

"20. That Exhibit H correctly represents the intention of the donors or trustors and the said original trust agreement, Exhibit A, is hereby reformed in accord with and in the exact language of Exhibit H, which the Court finds is the true agreement and intention of the parties.

"21. That Exhibit H, attached to the complaint, and executed by all of the plaintiffs herein, is a correct statement of the valid and legally effective provisions of said trust agreement, and a proper interpretation and clarification of the same, and is hereby adopted by this Court as such;

"22. That James E. McPherson, managing trustee, is hereby released from any duties and activities in connection with said trust;

"23. That Wachovia Bank & Trust Company, Raleigh, N. C., is hereby appointed as trustee of the . . . James E. McPherson Trust with the duties, power and authority provided in said Exhibit H and prescribed by law. Said trustee is not required to inquire into any acts or failure to act of the prior trustees, nor shall the . . . Wachovia Bank & Trust Company, as trustee, be responsible for any acts or failure to act of the . . . prior trustees, nor is the said trustee required or under obligation to attempt to hold the trustee liable for any breach of trust duties which he may have committed, unless the same shall be specifically required by a subsequent order of this Court;

"24. That the defendants recover nothing in this proceeding.

"25. That the costs of this proceeding, including all costs of this appeal in the Supreme Court of North Carolina, shall be paid by the said trustee out of trust funds;

"26. That this cause is retained for further orders not inconsistent herewith."

From the judgment entered, the defendant Killian Barwick, guardian *ad litem,* appealed.

*Chas. L. Kaufman and LeRoy & Goodwin for plaintiffs, appellees.*
*John H. Hall for defendant guardian ad litem, appellant.*

JOHNSON, J.   The initial question presented by this appeal is whether the provisions of the trust instrument relating to the grandchildren violate the rule against perpetuities.  This rule prescribes the time within which title to a future interest must vest.  Under the rule, "no devise or grant of a future interest in property is valid unless title thereto must vest, if at all, not less than twenty-one years, plus the period of gestation, after

some life or lives in being at the time of the creation of the interest. If there is a possibility such future interest may not vest within the time prescribed, the gift or grant is void." *McQueen v. Trust Co.,* 234 N.C. 737, 741, 68 S.E. 2d 831. See also *Fuller v. Hedgpeth,* 239 N.C. 370, 80 S.E. 2d 18; Gray, The Rule Against Perpetuities, Fourth Ed., Sec. 201, p. 191.

In 1944, the effective date of the declaration of trust, Exhibit A, James E. McPherson had four children. They were eighteen, sixteen, ten, and one years of age, respectively. The crucial section of the trust instrument is paragraph 9. It provides: ". . . at the death of the last child of the primary beneficiary (the last living grandchild of the donor) the trust shall be terminated and the assets thereof distributed equally to the legitimate heirs of the primary beneficiaries' children *per stirpes* and not *per capita* . . ."

By the terms of paragraph 9, it thus appears that the assets of this trust could not vest until the death of the last surviving grandchild, unborn on the effective date of the trust instrument, but who might be born at any time during the next fifty years or more. Should he live out his normal life expectancy, it is quite likely that to give effect to the trust instrument, the trust might continue for more than one hundred years, with the ultimate beneficiaries unknown and with the greater portion of the estate not vested. It is manifest that the provisions of the trust instrument relating to the grandchildren violate the rule against perpetuities. *McQueen v. Trust Co., supra,* and cases cited; Gray, The Rule Against Perpetuities, Fourth Ed., Sec. 201; 41 Am. Jur., Perpetuities and Restraints on Alienation, Sections 7, 14, 19, and 24.

The appealing guardian *ad litem* challenges the judgment below only in respect to the question whether the original trust instrument is violative of the rule against perpetuities. The guardian *ad litem* concedes in his brief that if the question of perpetuity be resolved against him, then it is to the advantage of those parties represented by him that the judgment below take effect as entered. It is noted that the judgment as entered interprets the provisions of the trust relating to the grandchildren of James E. McPherson as being the parts of the instrument which violate the rule against perpetuities. These provisions are treated by the judgment as being distinct and severable from the provisions relating to the children of James E. McPherson. Upon this premise the court below interpreted the portions which provide for the grandchildren as being stricken down by application of the rule against perpetuities, while holding that the parts which provide for the children of the trustor McPherson were salvageable and subject to reformation in accordance with the provisions of Exhibit H.

Necessarily, then, if the rule against perpetuities applies, obviously it is for the best interest of the children of James E. McPherson that its application be limited to the parts which relate to the grandchildren, with the portions which make provision for the children being treated as severable and subject to reformation.

. Similarly, if the rule against perpetuities applies, it is to the advantage of the grandchildren that the trust be preserved for the children of the donor. This is so for the reason that if any or all of them should die, their children would likely succeed to beneficial interests. But not so if the trust instrument should fall *in toto* because of perpetuity. (On the questions of severability and reformation see: 41 Am. Jur., Perpetuities and Restraints on Alienation, Sections 55 through 65; American Law Institute Restatement, Property, Vol. IV, Sections 373 to 376; 45 Am. Jur., Reformation of Instruments, Sec. 6; *Trust Co. v. Williamson,* 228 N.C. 458, 46 S.E. 2d 104.)

It thus appears that the position taken by the guardian *ad litem* in limiting the scope of his appeal so as to desist from further challenging the judgment below in the event the question of perpetuity be resolved against him is entirely consistent with the best interests of the grandchildren of the donor. And the judgment as entered below, reforming the trust instrument in accordance with Exhibit H so as to confer all the primary benefits of the trust on the four living children of the McPherson donors, to the exclusion of possible unborn children, is manifestly conducive to the best interest of the children *in esse*.

But there is more to the case than that. This Court, in the exercise of its supervisory powers over the lower courts (Const. of N. C., Art. IV, Sec. 8; *Elledge v. Welch,* 238 N.C. 61, 68, 76 S.E. 2d 340), is necessarily concerned with the judgment below as it affects the interests of possible unborn children of James E. McPherson. As to this, it is noted that the original trust instrument in providing benefits for the four children of James E. McPherson then born also makes provision for "all other legal children . . . which may be hereafter born" to him. The court below found and concluded in substance that the donor's dominant intent was to provide for his children, as distinguished from his grandchildren, and upon the basis of such finding and conclusion adjudged that the trust instrument be reformed in accordance with the provisions of Exhibit H. This instrument makes no provision whatsoever for "other legal children . . . which may be hereafter born" to James E. McPherson.

This exclusion of possible after born children of James E. McPherson, age now 53 years, may not be sustained on the theory that such unborn children are before the court and represented by the guardian *ad litem*. As to this, while the record indicates the order appointing the guardian *ad litem* recites that he is to represent, in addition to certain named

grandchildren of James E. McPherson, "all other persons, . . . *in esse* or not in being, who are now or might by any contingency become beneficiaries of . . . the James E. McPherson trust . . .," nevertheless, the record indicates that the guardian *ad litem* never presumed to represent the possible unborn children of James E. McPherson. The record and brief show that he limits his representation to the grandchildren. Indeed, no such direct representation by guardian *ad litem* is sanctioned by law. The rule is that, in the absence of statute, the capacity to be sued exists only in persons in being. 67 C.J.S., Parties, Sec. 30; McIntosh, North Carolina Practice and Procedure, pp. 228, 230, and 235. With us, in the absence of statute, an unborn infant cannot be made a defendant in an action and be represented by a guardian *ad litem*. *Deal v. Sexton,* 144 N.C. 157, 56 S.E. 691. No statute has been called to our attention, and our investigation discloses none, authorizing the joinder of possible unborn children in an action like this one. Chapter 811, Session Laws of 1949, now codified as G.S. 41-11.1, appears to be limited to actions or proceedings involving the sale, lease, or mortgage of property. See 27 N.C.L.R. 415; *Cole v. Cole,* 229 N.C. 757, 51 S.E. 2d 491; McIntosh, North Carolina Practice and Procedure, Sec. 251, pp. 234 and 235.

As bearing further on the question of reformation, the general rule is that an instrument cannot be reformed against unborn persons unless they are before the court through the doctrine of virtual representation; that is, where living persons who have a privity of estate with them are before the court. 45 Am. Jur., Reformation of Instruments, Sec. 72; Annotations: 8 L.R.A. (N.S.) 66. This doctrine, resting as it does on principles of convenience and necessity in the administration of justice and being in derogation of the general rule that a judicial decree does not bind persons not before the court, is applied with great caution. And ordinarily, the principle of virtual representation may be invoked only when it is made to appear, and the pleadings should so show, that the persons not before the court have an interest in common—an interest similar—to that of the parties who sue or defend on behalf of others. In short, to bind unborn persons, it must be made to appear that the rights or interests asserted by the parties before the court are identical with those that might reasonably be expected to be asserted by the unborn persons if they were *in esse* and before the court. See 39 Am. Jur., Parties, Sections 44 to 53; 30 Am. Jur., Judgments, Sec. 228; G.S. 1-70; *Ex Parte Yancey,* 124 N.C. 151, 32 S.E. 491; *Beam v. Gilkey,* 225 N.C. 520, 35 S.E. 2d 641, and cases cited. See also *Downey v. Seib,* 185 N.Y. 427, 78 N.E. 66.

In the case at hand the judgment excludes the possible unborn children of James E. McPherson from any benefits whatsoever in the trust. It thus appears that the McPherson children *in esse* assert, and by the terms

of the judgment are allowed, rights and benefits wholly inconsistent with the interests of possible unborn children. This being so, it is manifest that the children *in esse* do not represent those *in posse*. Accordingly, the judgment below is no bar to the rights of possible unborn children of James E. McPherson under application of the doctrine of virtual representation.

Nor have we overlooked Finding of Fact No. 17, wherein the court below found "that it is physically impossible for . . . James E. McPherson to have additional children." On the basis of this finding, without further elaboration or supporting allegation, the court decreed in effect that the living children of James E. McPherson are entitled to all the benefits of the McPherson trust. This decree may not be treated as conclusive in view of the presumption indulged by the law that so long' as a man lives he is capable of procreation. 20 Am. Jur., Evidence, Sec. 213; 31 C.J.S., Evidence, Sec. 149; 57 Am. Jur., Wills, Sec. 1249. Indeed, by the ancient rule of the common law, to which this Court adheres (*Shuford v. Brady,* 169 N.C. 224, 85 S.E. 303), it is irrebuttably presumed that any person—man or woman—may have issue so long as life lasts. 2 Blackstone *125. While in many jurisdictions, including England, the question whether the possibility of issue is ever extinct, has been re-examined in the light of exact processes of medical science by which in given cases sterility or impotency may be shown as matters of scientific certainty, nevertheless, thus far this Court has not been presented with a situation sufficiently compelling to warrant relaxation of the common law rule. *Shuford v. Brady, supra; Smith v. Moore,* 178 N.C. 370, 100 S.E. 702; *Prince v. Barnes,* 224 N.C. 702, 32 S.E. 2d 224. But see Annotation: 67 A.L.R. 538.

Conceding, without deciding, that the parts of the trust instrument which make provision for the children of James E. McPherson as a class are severable from other parts of the instrument and subject to salvage by reformation, even so, the judgment below, reforming the trust instrument in accordance with the provisions of Exhibit H, may not upon the record as presented be upheld as binding upon the possible unborn children of James E. McPherson. For the reasons indicated, the judgment below is inconclusive as to the interests of such unborn children and must be held for error in so far as it purports to exclude them from benefits of the trust estate.

The cause will be remanded to the court below to the end that further proceedings may be had and judgment entered in accordance with this opinion.

Error and remanded.