C. B. CUTLER v. H. G. WINFIELD, JR., FRANK KUGLER, MARY M. JEN-
    NETTE, HAROLD E. YERT, W. J. DUNN, W. D. WELCH, JR., WILSON
    LEGGETT, W. B. CARTER, and TENNYS THORNTON BOWERS, as
    Trustees of the WASHINGTON CITY SCHOOL ADMINISTRATIVE
    UNIT, and BEAUFORT COUNTY, BEAUFORT COUNTY BOARD OF
    EDUCATION, and the Trustees of the WASHINGTON ACADEMY,
    JOHN A. WILKINSON, Guardian Ad Litem.

(Filed 2 March, 1955.)

1. Trusts § 14b—

   Where the trustees of a school, who had executed deed to defendants,
   are dead and there are no successors to them, the nonexistent trustees, in
   the absence of statutory provision, cannot be made parties and be repre-
   sented by a guardian ad litem in an action to determine the legal effect
   of the conveyance.

2. Appeal and Error § 1—

   The Supreme Court, in the exercise of its supervisory power over lower
   courts, will take cognizance ex mero motu of the lack of authority of a
   named guardian ad litem for a nonexistent party.

3. Parties § 3—

   In an action to construe the reversionary clause of a deed executed by
   trustees, when it appears that all the trustees are dead and there are no
   successors to them, the University of North Carolina should be made a

party so that any right of escheat may be adjudicated, and all others who might claim an interest in the property in the event the title reverts, should also be made parties.

APPEAL by plaintiff and defendant John A. Wilkinson, as guardian *ad litem* for the Trustees of the Washington Academy, and the City of Washington, from *Nimocks, J.,* at October Term 1954, of BEAUFORT.

Civil action to enjoin defendants from making any sale of certain school property.

Plaintiff, a citizen and taxpayer of Washington, North Carolina, instituted this action against the Trustees of the Washington City School Administrative Unit, and in complaint filed alleges in presently pertinent part substantially these facts:

1. That the Trustees of the Washington City School Administrative Unit, a special school district created by authority of General Statutes, for the purpose of administering the public school needs of the City of Washington and part of Long Acre Township, claim to be owners of a certain parcel of land, with the buildings thereon, situated in the county of Beaufort and State of North Carolina, it being a composite of various parcels of land conveyed under several deeds to the Board of School Trustees of the City of Washington, and recorded in the Register of Deeds' office of said county, among others, from the Trustees of the Washington Academy, dated 4 August, 1904, and recorded in Book 127 at page 581, in which two lots Nos. 33 and 28 situated northwest of Bridge and Second Streets in the town of Washington and generally known as the Academy lots and buildings, are conveyed with a purported reversionary clause.

2. That that part of the above described property which was conveyed to the Board of School Trustees of the City of Washington by the Trustees of the Washington Academy by deed as aforesaid contains in its *habendum* a purported reversionary clause. And that in addition to said *habendum* clause, said deed contains other language which by its terms and import does not convey to said Trustees an indefeasible fee simple title, but title defeasible upon the happening of the contingency on which the reversion purports to hinge.

3. That defendant Trustees have abandoned said property for school purposes, and have ceased to use same for education or school purposes, and that part covered by the deed from the Trustees of the Washington Academy as aforesaid should revert to the Trustees of the Washington Academy.

4. That the defendant Trustees of the Washington City School Administrative Unit intend to sell at public auction the property above described and, unless restrained from doing so, will deprive the rightful owners of said property of its use and benefit.

5. That plaintiff's remedy at law for damages would be inadequate and defendants should be enjoined from making sale of the property.

The defendants, Trustees of Washington City School Administrative Unit, answering the complaint of plaintiff, admit in material part the allegations of fact therein set forth, but deny conclusions of law based thereon.

And these defendants aver, upon information and belief, (1) that the language used in the deed from the Washington Academy to the Board of School Trustees of the City of Washington is insufficient to effect a reversion of the title to the property to the Washington Academy or to any other person or persons and cannot have that legal effect;

(2) That plaintiff's claims as set out in his complaint cast a cloud upon their title to said property, and introduce into the controversy possible interest in the property of Beaufort County, Beaufort County Board of Education, City of Washington and the Trustees of the Washington Academy, all of whom are necessary and proper parties to this action in order that the same may be fully determined and the cloud removed from defendant's title to said property;

And (3) that "The Trustees of the Washington Academy are all now dead, with no successors, and a Trustee should be appointed by the court to represent their interest in said lands, if any they have."

Accordingly, thereafter the Clerk of Superior Court of Beaufort County entered an order in which after reciting (1) that Beaufort County, Beaufort County Board of Education, City of Washington and The Trustees of the Washington Academy are necessary and proper parties to this action without whose presence before the court a full and complete determination of this controversy cannot be had; (2) that the Trustees of the Washington Academy are all dead and no successors have been appointed and a guardian should be appointed to represent the interests of said Trustees, if any they have, in this action; and (3) that John A. Wilkinson, an attorney at law, is a fit and proper person to act as guardian for said Trustees in this matter, it is ordered that John A. Wilkinson is appointed as guardian ad litem for the Trustees of the Washington Academy; and, by consent, it is ordered "that Beaufort County Board of Education, Beaufort County, City of Washington, and the Trustees of the Washington Academy, the latter by their guardian ad litem, John A. Wilkinson, be made party defendants to this action," and allowed time to answer.

The appointment of John A. Wilkinson as guardian ad litem was accepted and service of process was waived by him, and he as such guardian ad litem filed an answer "for the Trustees of the Washington Academy," joining in the prayer of the complaint, and praying that it be adjudged that the two lots covered by the deed dated 4 August, 1904, and recorded

in Book 127, page 581, revert to the Trustees of the Washington Academy, and that he have whatever affirmative relief may to the court appear proper upon its consideration of all the pleadings and facts to it shown or appearing.

The parties stipulated facts accordant with the above, and thereupon "both plaintiff and defendants" in open court waived a trial by jury and agreed that the court might hear the cause upon the verified pleadings and an agreed statement of facts and render judgment thereon.

Thereupon the trial court adjudged that the title to the composit of all the property described in the complaint, as aforesaid, is vested in the Trustees of the Washington School Administrative Unit of Beaufort County in fee simple, and that they have the power and right to dispose of the same by sale, and that the two lots of land conveyed by the Trustees of the Washington Academy to the Board of School Trustees of the City of Washington, by deed as aforesaid, may be conveyed by the Trustees of the Washington School Administrative Unit in fee simple, free and clear of any conditions or restrictions, and, hence, the prayer for injunction is denied.

To the signing of the judgment plaintiff and defendant John A. Wilkinson as guardian *ad litem* for the Trustees of the Washington Academy and the City of Washington except and appeal to the Supreme Court, and assign error.

*John A. Mayo for plaintiff, appellant.*

*John A. Wilkinson, Guardian ad litem for the Trustees of the Washington Academy.*

*W. B. Carter for the appellees.*

WINBORNE, J.   At the threshold of this appeal the admitted fact that the Trustees of the Washington Academy are dead, and there are no successors to them, presents an obstacle to a complete and proper decision in the present state of the record and case on appeal.

While the record shows that John A. Wilkinson is appointed guardian *ad litem* for the Trustees of Washington Academy, no such representation by guardian *ad litem* is sanctioned by law—and as stated by *Johnson, J.,* in *McPherson v. Bank,* 240 N.C. 1, 81 S.E. 2d 386, "The rule is that, in the absence of statute, capacity to be sued exists only in persons in being." Indeed, with this Court, in the absence of a statute, a nonexistent person cannot be made a defendant in an action and be represented by a guardian *ad litem,*—and no statute is called to our attention. Hence this Court, in the exercise of its supervisory powers over lower courts (N. C. Const., Art. IV, Sec. 8; *Elledge v. Welch,* 238 N.C. 61, 76 S.E. 2d 340; *McPher-*

*son v. Bank, supra*), will take cognizance *ex mero motu* of such lack of authority in a named guardian *ad litem* under such circumstances.

Moreover, the Trustees of Washington Academy being dead, and there being no successors to them, to whom would title revert in the event the purported reversionary clause in the deed to these Trustees be effective? It might be that an escheat to the University of North Carolina would take place. N. C. Const. IX, Sec. 7, G.S. 116-20. Hence it seems clear that the University of North Carolina should be made a party to this action so that any claim or interest it has or may not have in the old Washington Academy property, by escheat, may be adjudicated. Too, it may be there are others who might claim an interest in the property in the event the title reverts.

Therefore, this Court, of its own motion, orders that the cause be remanded to the Superior Court of Beaufort County, North Carolina, to the end that the University of North Carolina, and all others having or claiming to have an interest in the property in question may be made parties defendant to this action, and served with process, and permitted to plead all in accordance with law and procedure.

Error and remanded.