THE WASHINGTON CITY BOARD OF EDUCATION, A BODY CORPORATE, v.
E. C. EDGERTON.

(Filed 10 October, 1956.)

**1. Deeds § 14b—**

A deed "upon condition that the same shall be held and possessed by the party of the second part only so long as the property shall be used for school purposes," without provision for termination or right of re-entry for condition broken, *is held* not to disclose an intent to impose rigid restrictions upon the title or to create a condition subsequent, but only to indicate the purpose and motive of the transfer of title, it being apparent from the record that the proceeds of sale were to be used to build other and more suitable school buildings on another and more appropriate site.

**2. Same—**

The law does not favor a construction of the language in a deed which will constitute a condition subsequent unless the intention of the parties to create such a restriction upon the title is clearly manifested, and where the language in the deed merely expresses the motive and purpose which prompted the conveyance, without reservation of power of termination or right of re-entry for condition broken, an unqualified fee will pass.

JOHNSON, J., not sitting.

APPEAL by defendant from *Paul, J.*, 31 July, 1956. From BEAUFORT.

This was an action to determine the title to a lot in the city of Washington, N. C., which the defendant had contracted to purchase.

The defendant declined to accept tendered deed on the ground the plaintiff Board could not convey a fee simple title free and discharged from restrictions and conditions in the deed under which it claims.

Upon stipulated facts, jury trial being waived, it was adjudged that the plaintiff had legal right to convey the land described in the pleadings free and discharged from any conditions, restrictions or reversionary interest whatsoever.

The defendant excepted and appealed.

*Lee & Hancock for appellant.*
*Carter & Ross for appellees.*

DEVIN, J. In 1808 by an act of the General Assembly of North Carolina, Chapter LXXV, the trustees of the Washington Academy were created a corporate body, and as such acquired fee simple title to the land described in the pleadings, and erected thereon a building which was used thereafter by the trustees for conducting a school. In 1904 successor trustees of the Washington Academy conveyed this property by deed to the Board of School Trustees of the Town of Washing-

ton and their successors for a nominal consideration "upon condition that the same shall be held and possessed by the party of the second part only so long as the said property shall be used for school purposes."

Thereafter a 3-story brick school building was erected on the property and continuously used for school purposes until March, 1956, when the building was sold and removed, a new school building having been erected on another site, and the land was offered for sale at public auction in accord with the statute. The defendant Edgerton became the last and highest bidder in the amount of $77,800. It was stipulated that the plaintiff, The Washington City Board of Education, a body corporate, is one and the same as the Board of Trustees of the Washington City Administrative Unit and the Board of School Trustees of the Town of Washington, by virtue of pertinent statutes.

In 1954, C. B. Cutler, a citizen and taxpayer of Washington, instituted an action against the Trustees of Washington City School Administrative Unit and others to determine the title to the property described in the pleadings in this action. Upon appeal to this Court from judgment upholding the right of the school authorities to convey in fee simple, it appeared that the Trustees of Washington Academy were dead and no successors had been appointed to whom title might revert in the event a clause in the deed of 1904 be held sufficient to create a reversion, and the cause was remanded to afford opportunity for additional parties. See *Cutler v. Winfield*, 241 N.C. 555, 85 S.E. 2d 913. Thereafter the General Assembly of North Carolina in 1955 amended the act of 1808 which had created the Trustees of Washington Academy a corporate body, and named and designated L. H. Swindell, J. W. Oden and Harry S. Gurganus as trustees of Washington Academy. The trustees so appointed were continued as a body corporate and were authorized and empowered to quitclaim and release to the Board of School Trustees of Washington Administrative Unit any interest or right by virtue of the deed of 1904. On 8 August, 1955, the named trustees of Washington Academy executed and delivered deed to said Board, in accord with the power conferred, releasing any right or interest·in the described land. The Trustees of Washington Academy, being made parties to this action, filed answer admitting the allegations of the complaint.

The record in this case presents an interesting epitome of the school history of Washington. In 1904 the Trustees of Washington Academy, who for nearly a hundred years had conducted a private school on the property described, executed a deed therefor to the Board of School Trustees of the Town of Washington, who were the administrators of a statutory public school, and thereby conveyed the property to be held and possessed for the purpose of education. The effect of the language

used in that conveyance is the question presented for decision by this appeal.

After a careful study of all the facts and circumstances in this case in the light of previous decisions of this Court, we reach the conclusion that the language used in the *habendum* clause in the deed of 1904 was not intended to impose rigid restrictions upon the title or to create a condition subsequent, but that it was intended by the parties thereby to indicate the motive and purpose of the transfer of title. It expresses no power of termination or right of re-entry for condition broken.

"A clause in a deed will not be construed as a condition subsequent unless it expresses in apt and appropriate language the intention of the parties to that effect (*Braddy v. Elliott*, 146 N.C. 578), and a mere statement of the purpose for which the property is to be used is not sufficient to create such condition." *Hall v. Quinn*, 190 N.C. 326, 130 S.E. 18; *Oxford Orphanage v. Kittrell*, 223 N.C. 427, 27 S.E. 2d 133.

In *Shaw University v. Ins. Co.*, 230 N.C. 526, 53 S.E. 2d 656, the plaintiff proposed to borrow money, and to give as security a mortgage on certain real property which had been acquired by the plaintiff by deed from one Daniel Barringer. The deed contained among other restrictions the provision that grantees "shall hold and apply the property herein conveyed to them for the uses and purposes of an educational institution and the *proceeds of the rental or sale thereof* shall be perpetually devoted to *educational purposes, . . .*" It was said in the opinion written for the Court by *Denny, J.:* "There is nothing in the Barringer deed to indicate the grantor intended to convey a conditional estate, or that the Trustees intended to purchase or create such an estate. There is no clause of re-entry, no limitation over or other provision which was to become effective upon condition broken." *Hall v. Quinn, supra; Braddy v. Elliott, supra,* and several cases from other jurisdictions were cited in support of the principle applied to the facts in that case.

In *Ange v. Ange*, 235 N.C. 506, 71 S.E. 2d 19, a conveyance of land to the trustees of the Christian Church in Jamesville contained the clause "for church purposes only." We held that this language did not create a condition subsequent and that the trustees of the church had right to convey the land in fee simple.

The law does not favor a construction of the language in a deed which will constitute a condition subsequent unless the intention of the parties to create such a restriction upon the title is clearly manifested. *Church v. Refining Co.*, 200 N.C. 469, 157 S.E. 438; *Hinton v. Vinson*, 180 N.C. 393, 104 S.E. 897. And where the language in the deed merely expresses the motive and purpose which prompted the conveyance, without reservation of power of termination or right of re-entry for condition broken, an unqualified fee will pass. *Hall v. Quinn, supra; Tucker v. Smith,*

199 N.C. 502, 154 S.E. 826; *Lassiter v. Jones,* 215 N.C. 298, 1 S.E. 2d 845.

It may not be inappropriate to observe that we gather from the record in this case that the Board of School Trustees of Washington City Administrative Unit thought it wise, in the interest of public education in a growing and expanding city, to dispose of this school property which had been in use since 1904, and to build other and more suitable buildings on another and more appropriate site, and to use the funds derived from the sale of the old to aid in financing the new; so that the sale of the property conveyed by the deed of 1904 and the use of the funds thus derived exclusively for school purposes in the same locality would seem to accord with the primary purpose of the conveyance.

Consequent upon the view we have taken in this case as the basis of decision, it is unnecessary to decide other questions presented by the record and discussed in the briefs.

For the reasons hereinbefore set out, the judgment of the Superior Court is

Affirmed.

JOHNSON, J., not sitting.