MRS. MINNIE PRIVETT, widow; NELLIE GRAY RICHARDS and husband, W. R. RICHARDS; MILDRED LUCILLE JONES and husband, T. G. JONES; MARY LOUISE UPCHURCH and husband, J. N. UPCHURCH; B. H. PRIVETT and wife, RACHEL PRIVETT; RUTH HILLIARD RICHARDS; W. R. RICHARDS, JR., and wife, EVELYN RICHARDS; LUCILLE CHAMBLEE and husband, CHARLES CHAMBLEE, Petitioners v. LUCIUS JONES; J. E. MALONE, Guardian ad Litem of LUCIUS JONES and the unborn children of MILDRED LUCILLE JONES; JUDY UPCHURCH, JIMMIE UPCHURCH and TED UPCHURCH, and E. C. BULLOCK, Guardian ad Litem of JUDY UPCHURCH, JIMMIE UPCHURCH and TED UPCHURCH and the unborn children of MARY LOUISE UPCHURCH; and BILLY FAY PRIVETT and TEDDIE RONALD PRIVETT; and G. M. BEAM, JR., Guardian ad Litem of BILLIE FAY PRIVETT and TEDDIE RONALD PRIVETT and the unborn children of B. H. PRIVETT; and JOHN F. MATTHEWS, Guardian ad Litem for the unborn children of NELLIE GRAY RICHARDS; and W. M. JOLLY, Guardian ad Litem of CHARLES RONALD CHAMBLEE, minor, Defendants.

(Filed 16 December, 1959.)

1. **Wills § 33c— Devise of land for life with remainder to children vests the remainder in the children as of date of testator's death.**

   Testator devised his lands for life to his widow then to his daughters for life with remainder in fee to their children, with further provision that if any daughter died without children her surviving her share should go to her brothers and sisters. At the time of testator's death each daughter had living children, but one daughter died prior to the death of the widow, leaving her surviving one child. *Held:* The grand-

children of testator took a vested remainder as purchasers under the will, subject to be opened up to let in any afterborn children, and therefore the son of the deceased daughter takes the fee in that part of the land in which his mother's life estate would have been allotted.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by petitioners and J. E. Malone, Guardian *ad Litem* of Lucius Jones, from *Hobgood, J.,* of the Ninth Judicial District of North Carolina, in Chambers, 5 September 1959.

Special proceeding for actual partition of certain lands in Franklin County, North Carolina, of which W. H. Privett died seized and possessed,— in accordance with estates devised under his last will and testament.

The petitioners and defendants, through their respective counsel of record, stipulated and agreed, among other things not necessary to be recited, that the findings of fact as set out in the judgment and decree constitute the agreed statement of facts for the purpose of this appeal.

The cause came on for hearing, and was heard, before Hobgood, J., upon appeal from a confirmatory decree and judgment of Clerk of Superior Court of Franklin County,— all parties being represented by counsel.

The court by consent of all the parties found in pertinent part the following facts:

"1. That W. H. Privett died in Franklin County, North Carolina, on the 14th day of May, 1940, leaving a last will and testament which appears of record * * *" in pertinent part as follows:

"Item Three. I give and devise to my said wife, Minnie Privett, all the remainder of the real estate of which I shall die seized and possessed and wheresoever situate, for and during the term of natural life only.

"Item Four. At the death of my said wife, Minnie Privett, I give and devise the tract of land known as the Bryant Pearce place, containing 72 acres and being the tract of land upon which I now reside, to my son, B. H. Privett, for and during the term of his natural life only, and after his death to his children in fee simple. I also give and devise to my said son, B. H. Privett, after the death of my said wife, Minnie Privett, so much of the Josh Pearce tract of land as lies between the Bryant Pearce tract of land and the public road leading from Henry Baker's to Crudup's Mill, and containing three and one-half acres, more or less, for and during the term of his natural life, and after his death to his children in fee simple.

"Item Five. At the death of my said wife, Minnie Privett, I give

and devise to my three daughters, Nellie Gray Richards, Mildred Lucille Jones, and Mary Louise Upchurch, the tract of land known as the Josh Pearce place, containing approximately 91 acres (except the part thereof devised to my son B. H. Privett in Item Four hereof), which I bought from L. T. Pearce, and the tract of land known as the James Pearce place, containing 30 acres, which I bought from James Pearce. I give and devise these lands to my said three daughters, share and share alike, for the term of their natural lives only, and upon the death of any one of them her one-third share is to go to her children, and if any one of them shall die without children then, upon the death of such a one, her share shall go to her brother and sisters, share and share alike."

"2. That for the purpose of dividing the lands of the said W. H. Privett, deceased, according to the terms of his will, this proceeding was instituted by the said Mrs. Minnie Privett, widow of the testator, and the said Nellie Gray Richards and husband W. R. Richards, the said Mildred Lucille Jones and husband T. G. Jones, the said Mary Louise Upchurch and husband J. N. Upchurch, and the said B. H. Privett and wife Rachel Privett, together with Ruth Hilliard Richards, adult daughter of Nellie Gray Richards, and W. R. Richards, Jr., adult son of Nellie Gray Richards, and his wife Evelyn Richards, and Lucille Chamblee, adult daughter of Mildren Lucille Jones, and her husband Charles Chamblee, as petitioners, against Lucius Jones, minor son of Mildred Lucille Jones, and the unborn children of said Mildred Lucille Jones, herein represented by J. E. Malone, Guardian *ad Litem;* Judy Upchurch, Jimmie Upchurch and Ted Upchurch, minor children of Mary Louise Upchurch, and the unborn children of said Mary Louise Upchurch, herein represented by E. C. Bulluck, Guardian *ad Litem;* Billy Faye Privett and Teddie Ronald Privett, minor children of B. H. Privett, and the unborn children of the said B. H. Privett, herein represented by G. M. Beam, Jr., Guardian *ad Litem;* and the unborn children of the said Nellie Gray Richards, herein represented by John F. Matthews, Guardian *ad Litem.*

"3. That subject to the life estate of his widow, now deceased, the said testator, in Item Four of his will, devised certain lands to his son B. H. Privett 'for and during the term of his natural life only, and after his death to his children in fee simple'.

"4. That subject to the life estate of his widow, now deceased, the testator, in Item Five of his Will, devised certain other lands to his daughters Nellie Gray Richards, Mildred Lucille Jones, and Mary Louise Upchurch, 'share and share alike, for the term of their natural lives only, and upon the death of any one of them her one-third share is to go to her children, if any, and if any one of them shall

die without children then, upon the death of such a one, her share shall go to her brother and sisters, share and share alike'.

"5. That at the time of the death of the testator the said Nellie Gray Richards, Mildred Lucille Jones and Mary Louise Upchurch each had living children.

"6. That, in accordance with the prayers of the said Petition and the Answers filed by the respective Guardians *ad Litem,* as aforesaid, the court appointed three Commissioners to divide and partition the lands devised by the said W. H. Privett to his said three daughters, namely, Nellie Gray Richards, Mildred Lucille Jones, and Mary Louise Upchurch, and the Report of said Commissioners was duly filed herein on 14 November 1953 allotting shares of said lands in accordance with the Will of said W. H. Privett, deceased, as follows:

" ' One share thereof to the said Mildred Lucille Jones for the term of her natural life, and upon her death to her children Lucille Chamblee and Lucius Jones, and the unborn children of the said Mildred Lucille Jones, as tenants in common, and if the said Mildred Lucille Jones shall die without children then upon her death to her brother and sisters, share and share alike.

" ' One share thereof to the said Nellie Gray Richards for the term of her natural life, and upon her death to her children Ruth Hilliard Richards and W. R. Richards, Jr., and the unborn children of Nellie Gray Richards, as tenants in common, and if the said Nellie Gray Richards shall die without children then upon her death to her brother and sisters, share and share alike.

" ' One share thereof to the said Mary Louise Upchurch for the term of her natural life, and upon her death to her children Judy Upchurch, Jimmie Upchurch and Ted Upchurch, and the unborn children of Mary Louise Upchurch, as tenants in common, and if the said Mary Louise Upchurch shall die without children then upon her death to her brother and sisters, share and share alike.'

"7. That after this proceeding had been instituted and while the same was pending, and before a decree was entered confirming said partition, the petitioner Lucille Chamblee, adult daughter of Mildred Lucille Jones, died on the 30th day of December, 1953, leaving surviving her husband, the petitioner Charles Chamblee, and one child, Charles Ronald Chamblee, who was and is a minor under the age of twenty-one (21) years.

"8. That after this proceeding was instituted, and while the same was pending, and before a decree was entered confirming said partition, the said Mrs. Minnie Privett died on the 5th day of December, 1954, and her life estate in said lands fell in.

"9. That after the death of the said Lucille Chamblee and the said

Mrs. Minnie Privett, the petitioners filed a Supplemental Petition, setting out the fact of the death of the said Lucille Chamblee and of the said Mrs. Minnie Privett, and praying that the said Charles Ronald Chamblee be made a party defendant herein, and that a Guardian *ad Litem* be appointed to represent him; and the petitioners thereafter filed an Amendment to said Supplemental Petition alleging that upon the death of the said Lucille Chamblee prior to the death of her mother Mildred Lucille Jones, the remainder interest owned by the said Lucille Chamblee in the tract of land allotted and assigned to the said Mildred Lucille Jones would not go to the said Charles Ronald Chamblee, but that the entire remainder interest therein would go to Lucius Jones, together with any other children not now *in esse* of the said Mildred Lucille Jones.

"10. That thereafter W. M. Jolly was duly appointed by the court as Guardian *ad Litem* for the said Charles Ronald Chamblee and filed an Answer in his behalf denying the allegations of the Amendment to the Supplemental Petition of the petitioners, and upon the matter of law or legal inference arising upon the said Amendment to the Supplemental Petition and the Answer filed by the said W. M. Jolly, Guardian *ad Litem* of Charles Ronald Chamblee, the Clerk of the Superior Court of Franklin County duly heard this cause and entered a Confirmatory Decree and Judgment, from which the petitioners and the defendant J. E. Malone, Guardian *ad Litem* of Lucius Jones, appealed to the Judge of the Superior Court in apt time.

"11. That all parties to this proceeding have had full and ample notice and knowledge of the report of the Commissioners filed herein, as aforesaid, on 14 November 1953. That no exceptions or objections have been filed to said report, except as to the remainder interest in said lands, and the time allowed by law for filing objections or exceptions to the same has fully expired.

"12. That the partition and division made and reported by said Commissioners is just and fair and should be confirmed in all respects except as modified herein with respect to the ownerhip of the remainder after the life estates of said life tenants, and as to the ownership of the remainder after the life estates of said life tenants," the Judge considered "the following question:

"Where, upon a devise of land to one for life with remainder upon the death of the life tenant to the children, if any, of such life tenant, and if the life tenant shall die without children then to the brother and sisters of such life tenant, a daughter of the life tenant predeceased the life tenant leaving a child, what interest, if any, does such child have in the land? That is, what interest, if any, does Charles Ronald Chamblee, son of Lucille Chamblee, deceased daughter of

Mildred Lucille Jones, have in the land involved in this proceeding?"

Thereupon "the court being of the opinion that it was the intention of the testator that any child or children of the life tenant should have a vested remainder interest in the land, such interest to be diminished in quantity by the birth of other children to such life tenant, and that upon any such child or children of the life tenant predeceasing such life tenant, the interest of such deceased child in such vested remainder would descend to the surviving issue of such deceased child or children, the roll to be called at the date of the death of the life tenant. It will not be presumed that the testator intended for the grandchildren of the life tenant to be excluded merely because a child of the life tenant predeceased such life tenant. Such an interterpretation would cause the enrichment of the line of descent of one of the testator's children to the impoverishment of the line of descent of another of the testator's children—an event easily possible if one life tenant should die leaving children surviving and another life tenant should die leaving grandchildren but no children surviving. A reading of the entire Will discloses the manifest intention of the testator that his four children should enjoy their respective shares of his estate during their lives, and upon their death leaving descendants capable of inheriting, the share of each life tenant should go to such descendants. The devise of the remainder after the life estate to the brother and sisters of the life tenant if the life tenant should not leave children surviving her would seem to have been motivated by the desire of the testator to keep the share of such life tenant 'in the family', rather than by any desire of the testator to prevent the life tenant's share from passing to the testator's great grandchildren. The Court is of the opinion that by the word 'children', the testator meant 'line of descendants', and intended that his great grandchild by the life tenant should have the share of land which his grandchild by the life tenant would have had if such grandchild should be living at the death of the life tenant."

In accordance therewith the Judge thereupon "Ordered, Adjudged and Decreed:

"1. That subject to the provisions hereinafter set forth as to the ownership of the remainder after the life estates of the life tenants, the Report of the Commissioners appointed to divide and partition the lands of W. H. Privett, deceased, in accordance with the terms of the will of W. H. Privett, deceased, be and the same is hereby in all respect confirmed.

"2. That subject to the life estate of Nellie Gray Richards, the children of the said Nellie Gray Richards, namely, Ruth Hilliard Richards and W. R. Richards, Jr., together with any other children

who may be born to the said Nellie Gray Richards, are the owners of a vested remainder in fee in the share of land devised to said Nellie Gray Richards by the will of W. H. Privett, deceased, the issue of any deceased child of the said Nellie Gray Richards to take the share which such deceased child would take if such deceased child should be living at the time of the death of the said Nellie Gray Richards.

"3. That subject to the life estate of Mildred Lucille Jones, the child of said Mildred Lucille Jones, namely, Lucius Jones, together with any other children who may be born to the said Mildred Lucille Jones, are the owners of a vested remainder in fee in the share of land devised to the said Nellie Gray Richards by the will of W. H. Privett, deceased, the issue of any deceased child of the said Mildred Lucille Jones to take the share which such deceased child would take if such deceased child should be living at the time of the death of the said Mildred Lucille Jones; that is, the said Charles Ronald Chamblee, being the issue of Lucille Chamblee, a deceased daughter of the said Mildred Lucille Jones, shall take the share which the said Lucille Chamblee would take if the said Lucille Chamblee should have been living at the time of the death of the said Mildred Lucille Jones.

"4. That subject to the life estate of Mary Louise Upchurch, the children of said Mary Louise Upchurch, namely Judy Upchurch, Jimmie Upchurch and Ted Upchurch, together with any other children who may be born to the said Mary Louise Upchurch, are the owners of a vested remainder in fee in the share of land devised to said Mary Louise Upchurch by the Will of W. H. Privett, deceased, the issue of any deceased child of Mary Louise Upchurch to take the share which such deceased child would take if such deceased child should be living at the time of the death of the said Mary Louise Upchurch.

"5. That the said report of the Commissioners and the plats appended thereto, together with this Judgment and Decree, be enrolled in the records of this Court, and that the same be certified to the Register of Deeds of Franklin County, North Carolina, and registered in his office.

"6. That the said report and this Judgment and Decree shall be binding among and between the parties to this proceeding, and their heirs and assigns."

To the signing of the foregoing judgment the petitioners and J. E. Malone, Guardian ad Litem, except and appeal to the Supreme Court, and assign error.

*Yarborough, Yarborough & Paschal, W. H. Taylor for petitioners for Guardian ad Litem Malone, appellants.*
*Lumpkin & Lumpkin for Charles Ronald Chamblee, appellee.*
*Gaither M. Beam for Guardian ad Litem, appellee.*
*John F. Matthews for Guardian ad Litem, appellee.*

WINBORNE, C. J.　The sole question on this appeal is as to what interest, if any, does Charles Ronald Chamblee, son of Lucille Chamblee, deceased daughter of Mildred Lucille Jones, have in the land involved in this proceeding. The trial judge held, and properly so, that Charles Ronald Chamblee takes the interest which his mother Lucille Chamblee would have taken had she been living at the time of the death of her mother Mildred Lucille Jones, life tenant.

In this connection, where a will devises a life estate to a woman for life, with remainder to her children, and there are children in being at the death of the testator, such children take a vested remainder, "subject to open and let in any that may afterwards be born before the termination of the particular estate." *Lbr. Co. v. Herrington,* 183 N.C. 85, 110 S.E. 656, and cases cited. To like effect are: *Bell v. Gillam,* 200 N.C. 411, 157 S.E. 60; *Beam v. Gilkey,* 225 N.C. 520, 35 S.E. 2d 641.

The same principle applies to like provisions in deeds. See *Griffin v. Springer,* 244 N.C. 95, 92 S.E. 2d 682; *Blanchard v. Ward,* 244 N.C. 142, 92 S.E. 2d 776; *Edwards v. Butler,* 244 N.C. 205, 92 S.E. 2d 922.

And the principle is recognized in these cases: *Waddell v. Cigar Stores,* 195 N.C. 434, 142 S.E. 585; *Trust Co. v. Stevenson,* 196 N.C. 29, 144 S.E. 370; *Greene v. Stadiem,* 198 N.C. 445, 152 S.E. 398; *Spencer v. McCleneghan,* 202 N.C. 662, 163 S.E. 753; *Perry v. Bassenger,* 219 N.C. 838, 15 S.E. 2d 365; *Neill v. Bach,* 231 N.C. 391, 57 S.E. 2d 385.

In the present case testator devised the land involved in this proceeding to his three daughters, share and share alike, for the term of their natural lives only, with provision that upon the death of any one of them her one-third share to go to her children, if any; and bearing in mind that each of the daughters had children living at the date of the death of the testator,—such children took a vested remainder subject to open and let in any child thereafter born to either of said daughters. The daughter Mildred Lucille, whose husband is T. G. Jones, had two children so living, a son Lucius Jones, and a daughter Lucille, who married Charles Chamblee. This son and this daughter each took a vested remainder by purchase and became "a new *stirpes* of inheritance or new stock of descent." *King v. Scoggin*

92 N.C. 99, cited and applied in *Blanchard v. Ward, supra,* and upon the death of the daughter Lucille Chamblee her estate passed directly by descent to her son, Charles Ronald Chamblee.

And in accordance therewith, the judgment from which appeal is taken is

Affirmed.

HIGGINS, J., took no part in the consideration or decision of this case.