ELIZABETH E. PARKER, J. D. PARKER, C. J. PARKER AND BEATRICE P. MEARES, v. C. J. PARKER, JR. AND WIFE, HAZEL W. PARKER; HAROLD K. PARKER AND WIFE, PATRICIA H. PARKER; ALTON M. PARKER AND WIFE, CATHY PARKER; MARIAN P. HARRELL AND HUSBAND, WALTER HARRELL; DONALD G. PARKER; MARY LOUISE P. EASON AND HUSBAND, DALLAS EASON; BRANCH BANKING & TRUST COMPANY, INC., SUBSTITUTE TRUSTEE; AND THE UNBORN CHILDREN OF CHESHIRE J. PARKER.

(Filed 27 April, 1960.)

**1. Wills § 33h—**

The rule against perpetuities requires that an estate vest not later than twenty-one years, plus the period of gestation, after the life or lives of persons in being at the time of the creation of the estate, and if there is a possibility that a future interest may not vest within the time prescribed the gift is void.

**2. Same—**

The rule against perpetuities refers solely to the vesting of estates and is not concerned with their possession or enjoyment.

**3. Wills § 33c—**

As a general rule remainders vest at the death of the testator unless some later time for vesting is clearly expressed in the will or is necessarily implied therefrom, and a devise will be held to take effect at the earliest moment the language of the will permits

**4. Same—**

An estate is vested when there is either an immediate right of present enjoyment or a present vested right of future enjoyment.

**5. Same: Wills § 33h—**

Where land is devised to testator's son for life with remainder to such son's children, with further provision that in the event any of the son's children should predecease him the issue of such child should take his parent's share, vests the remainder in testator's grandchildren *in esse* as of the date of testator's death, subject to be opened up to let in any children thereafter born to testator's son, and since the estate in remainder would vest during the son's life or within the period of gestation after his death, such devise does not violate the rule against perpetuities.

**6. Wills § 33b—**

The rule in *Shelly's* case does not apply to a devise to a named son for the term of his natural life, with remainder to the son's children.

**7. Evidence § 4: Wills § 34c—**

The law presumes that a man is capable of procreation so long as he lives.

**8. Wills § 33h—**

The rule against perpetuities is one of law and not of construction.

**9. Wills § 33c—**

Where there is a devise of an estate in trust with provision that the *corpus* should be distributed to members of a class upon the termination of the trust, and there is no gift of the income or other interest to the beneficiaries except the provision for final distribution, termination of the trust marks both the time of the vesting and the time of the enjoyment of the estate.

**10. Wills § 33h— Under terms of this will, corpus of trust might not vest until after period prescribed by rule against perpetuities.**

The transfer and conveyance of property to a trustee with provision that the trustee should manage the property and use the net rents for the education of testator's grandchildren in accordance with the needs of each grandchild and without a division of the net rents according to the number of the grandchildren, with further provision for the termination of the trust and the division of the *corpus* among the grandchildren and the issue of deceased grandchildren when the youngest grandchild should arrive at the age of twenty-eight, *is held* to violate the rule against perpetuities even in regard to grandchildren *in esse* at the time of testator's death, since the roll must be called at the termination of the trust and at that time a grandchild *in esse* at the time of testator's death may have been dead for longer than the prescribed period, and the interest could not vest in the issue of such deceased grandchild until the termination of the trust.

**11. Trial § 5½—**

Where the parties in open court waive any right or claim they may have in a particular fund, the judicial disclaimer is binding upon them.

APPEAL by plaintiffs and defendants C. J. Parker, Jr. and wife, Hazel W. Parker, Harold K. Parker and wife, Patricia H. Parker, Alton M. Parker and wife, Cathy Parker, and Marian P. Harrell and husband, Walter Harrell, from *Parker, J.,* January 1960 Civil Term, of WILSON.

This is a proceeding under the Declaratory Judgment Act, G.S. 1-253 *et seq.,* for interpretation of certain provisions of the will of Josephus Parker, who died 26 October 1938 domiciled in Wilson County. His will is dated 6 September 1938 and was admitted to probate 28 October 1938.

The controversies herein relate to the following portions of the will:

"Item 6: I give and devise unto my son, Cheshire J. Parker, for and during the term of his natural life and at his death to his children, and in the event any child shall predecease him, the issue of such child shall stand for, represent and take that portion which his, her or their parents would have taken, the following described lands. . ." (four tracts containing 32¼, 124½, 10 and 58.52 acres, respectively, described by reference to recorded deeds.)

PARKER *v.* PARKER.

"Item 7: I give and devise unto my son, Cheshire J. Parker, Trustee, upon the uses and trusts hereinafter set out . . . tract of land . . . (containing 135 acres, described by reference to recorded deed) . . . The Trustee shall take charge of the said real estate, the team, farming implements, corn, Fodder and forage; shall use the corn Fodder and forage and other feed to feed the team; the Trustee will rent the land in accordance with the customs of the neighborhood and may supply the tenants as is usually done by landlords in the neighborhood; the Trustee will cause the land to be cultivated in a good husbandmanlike manner and from the rents and profits so received, will pay the taxes lawfully assessed; will keep the buildings and equipment upon the farm in good repair and condition; will replace the team, farming tools and implements from time to time as may be needed, using such amount for such purposes as in the good judgment and discretion of the Trustee may seem necessary; the net rents the Trustee shall use for the following purposes: As the child or children finish the Public Schools, if such child or children shall enter a Collège or University, the Trustee will pay as nearly as possible the expenses of such child or children at said College or University so long as such child or children shall attend the same, using such amount as in the judgment and discretion of the Trustee may be necessary. The Trustee shall not be compelled to divide the net rents according to the number of children, but may expend as much upon any child or children as the Trustee may think necessary. The Trustee shall make annual reports to the Superior Court of Wilson County and the rents and disbursements. Any rents accumulating prior to the time that such child or children shall enter a College or University, shall be held by the Trustee as herein set out. When the child or the youngest one shall arrive at the age of twenty-eight (28), the Trustee will convey the land, team, farming implements and tools to such child or children, and if any child or children shall in the meantime have died leaving issue surviving, such issue shall stand for, and represent his, her or their parents, and receive the share that his, her or their parents would have received."

Josephus Parker was survived by his widow and three children, J. D. Parker, Cheshire J. Parker and Beatrice P. Meares, all of whom are now living. The three children and widow are plaintiffs in this action.

Cheshire J. Parker is the father of six children, all of whom are living. Four of them, C. J. Parker, Jr., Harold K. Parker, Alton M. Parker and Marian P. Harrell, were born before the death of the

testator. The other two, Mary Louise P. Eason and Donald G. Parker, were born subsequent to testator's death.

Cheshire J. Parker was removed as trustee and the Branch Bank and Trust Company was appointed in his stead.

Plaintiffs, the three children of testator, contend that items 6 and 7 of the will are violative of the rule against perpetuities and void. Defendants maintain that these items do not infringe the rule, but those *in esse* at the death of testator assert that those born or to be born after death of testator are not entitled to share in the gifts.

Upon the stipulated facts, the trial court adjudged:

1. ". . . that the devise in said Item 6 is not subject to any trust and is not in violation of the rule against perpetuities but is upheld as simply creating in Cheshire J. Parker an estate for the term of his own life with the remainder in fee simple to all of his children whether now in being or yet to be born."

2. ". . . that the devise in said Item 7 is subject to an active trust calculated to enable all of the children of Cheshire J. Parker, whether now in being or yet to be born, to obtain as much higher education as any of such children might desire, that the legal title to the property devised in trust by Item 7 vested in the named Trustee immediately upon the death of Josephus Parker and that immediately upon the death of Josephus Parker the equitable remainder and whole beneficial interest vested in all of the children of Cheshire J. Parker who were then in being subject to open up to admit all children of Cheshire J. Parker who might thereafter be born; that as all interests in said property vested or must vest within the time permitted by the rule against perpetuities, said rule does not apply and said trust is upheld."

Plaintiffs and the defendants indicated above appealed and assigned errors.

*John Webb and Gardner, Connor & Lee for plaintiffs, appellants.*

*Charles H. Dorsett and Smith, Leach, Anderson & Dorsett for appealing defendants, who are also appellees on plaintiffs' appeal.*

*Lucas, Rand & Rose and Naomi E. Morris for Branch Banking and Trust Company, Inc., Substitute Trustee, appellee.*

*Carroll W. Weathers, Jr., Guardian Ad Litem for Donald G. Parker and Mary Louise P. Eason, appellees.*

*Allen W. Harrell, Guardian Ad Litem for the Unborn children of Cheshire J. Parker, appellees.*

MOORE, J.  No devise or grant of a future interest in property is valid unless the title thereto must vest, if at all, not later than twenty-

one years, plus the period of gestation, after some life or lives in being at the time of the creation of the interest. If there is a possibility such future interest may not vest within the time prescribed, the gift or grant is void. *McPherson v. Bank,* 240 N.C. 1, 15, 81 S.E. 2d 386, quoting from *McQueen v. Trust Co.,* 234 N.C. 737, 741, 68 S.E. 2d 831. The rule refers solely to the vesting of estates and does not concern itself with their possession or enjoyment. *Springs v. Hopkins,* 171 N.C. 486, 494, 88 S.E. 774; *McQueen v. Trust Co., supra.*

As a general rule, remainders vest at the death of the testator unless some later time for vesting is clearly expressed in the will or is necessarily implied therefrom. *Pridgen v. Tyson,* 234 N.C. 199, 201, 66 S.E. 2d 682. A devise should take effect at the earliest moment the language will permit. *McDonald v. Howe,* 178 N.C. 257, 259, 100 S.E. 427.

"The present capacity of taking effect in possession, if possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent." *Power Co. v. Haywood,* 186 N.C. 313, 318, 119 S.E. 500. "An estate is vested when there is either an immediate right of present enjoyment or a present fixed right of future enjoyment." *Patrick v. Beatty,* 202 N.C. 454, 461, 163 S.E. 572. See also *Little v. Trust Co.,* 252 N.C. 229, 113 S.E. 2d 689; *Pridgen v. Tyson, supra.*

"A legacy given to a class subject to a life estate vests in the persons composing that class at the death of the testator; but not absolutely; for it is subject to open, so as to make room for all persons composing the class, not only at the death of the testator, but also at the falling in of the intervening estate. This is put on the ground that the testator's bounty should be made to include as many persons who fall under the general description or class as is consistent with public policy; and the existence of the intervening estate makes it unnecessary to settle absolutely the ownership of the property until that estate falls in." *Mason v. White,* 53 N.C. 421, 422. The rule thus clearly enunciated has been consistently adhered to in this jurisdiction. *Privett v. Jones,* 251 N.C. 386, 393, 111 S.E. 2d 533; *Sawyer v. Toxey,* 194 N. C. 341, 343, 139 S.E. 692; *Walker v. Johnston,* 70 N.C. 576, 579.

We now apply these rules to the devise in item 6 of the will of Josephus Parker.

Item 6 may be paraphrased in this wise: Lands to Cheshire J. Parker for and during the term of his natural life and at his death to his

children, and in the event any child shall predecease him, the issue of such child shall stand for, represent and take that portion.

The rule in *Shelly's* case does not apply. *Griffin v. Springer,* 244 N.C. 95, 101, 92 S.E. 2d 682. Cheshire J. Parker took an estate for life. At the death of testator there vested in C. J. Parker, Jr., Harold K. Parker, Alton M. Parker and Marian P. Hall an estate in remainder in fee. At the respective births of Mary Louise P. Eason and Donald G. Parker the estate in remainder opened to make room for them and they were vested of an estate in remainder in fee. The estate in remainder is likewise subject to open for admission of any children who may hereafter be born to Cheshire J. Parker. *Privett v. Jones, supra; Griffin v. Springer, supra.* The law indulges the presumption that so long as a man lives he is capable of procreation. *McPherson v. Bank, supra* at page 19.

The facts in the instant case are closely analagous to those in *Trust Co. v. McEwen,* 241 N.C. 166, 84 S.E. 2d 642. The remainders in fee are defeasible and, if a remainderman dies before the falling in of the life estate, his or her issue will take as purchasers. *Bowen v. Hackney,* 136 N.C. 187, 48 S.E. 633. In any event, the estate or estates of the executory devisees would vest during the life of Cheshire J. Parker, at his death, or within the period of gestation thereafter. Therefore the provisions of item 6 do not violate the rule against perpetuities. This item contains no trust provisions and the trust created in item 7 has no application thereto. All individual defendants in this action, whether *in esse* or *in posse,* have a vested or possible future estate in the lands described in item 6 as hereinbefore indicated.

We now consider item 7 of the will. Its provisions in brief are: "I give and devise unto my son, Cheshire J. Parker," land and personal property in trust; the net rents to be used in defraying the college expenses of the children of Cheshire J. Parker, without regard to any equal application of the rent income among them for this purpose; and "when" the youngest child reaches "the age of twenty-eight (28), the trustee will convey the land" and personal property to the children, "and if any child or children shall in the meantime have died leaving issue surviving, such issue shall stand for and represent his, her or their parents, and receive the share that his, her or their parents would have received."

Defendants- appellees contend that the same principles apply here as in item 6, that upon the death of testator the equitable title immediately vested in the children of Cheshire J. Parker then living subject to open up to admit all children who might thereafter be born, and that the rule against perpetuities has no application to an estate

thus vested. They invoke the principle that "the intervention of the estate of the trustee will not have the effect of postponing the gift itself, but only its enjoyment." *Finch v. Honeycutt*, 246 N.C. 91, 100, 97 S.E. 2d 478, quoting from *Coddington v. Stone*, 217 N.C. 714, 9 S.E. 2d 420. See also *McQueen v. Trust Co., supra; Williams v. Sasser*, 191 N.C. 453, 458, 132 S.E. 278. They assert that the trust only fixes the time for enjoyment of the gift.

Defendants-appellants agree that the equitable estate vested in the children of Cheshire J. Parker who were *in esse* at the death of the testator and that the trust only postponed the enjoyment of the gift. But they call attention to the principle of law that where there is no intervening estate, "a legacy given to a class immediately, vests absolutely in persons composing that class at the death of the testator; for instance, a legacy to the children of A: the children *in esse* at the death of the testator take estates vested absolutely, and there is no ground upon which children who may be born afterwards can be let in." *Mason v. White, supra.* See also *Cole v. Cole*, 229 N.C. 757, 760, 51 S.E. 2d 491; *Sawyer v. Toxey, supra; Wise v. Leonhardt*, 128 N.C. 289, 38 S.E. 892; *Walker v. Johnson, supra.*

Defendants-appellants further contend that the beneficiaries were ascertained at the death of the testator, that title in fee simple then vested and the rule against perpetuities does not apply. *Fuller v. Hedgpeth*, 239 N.C. 370, 80 S.E. 2d 18; *Robinson v. Robinson*, 227 N.C. 155, 41 S.E. 2d 282; *Coddington v. Stone*, 217 N.C. 714, 9 S.E. 2d 420. If fee simple titles did so vest, then, by the express terms of item 7, they are defeasible and subject to be divested should any of the beneficiaries die before the termination of the trust. In the event of such death or deaths, the issue of those so dying would take as purchasers under the will. *Smyth v. McKissick*, 222 N.C. 644, 453, 24 S.E. 2d 621; *Mercer v. Downs*, 191 N.C. 203, 131 S.E. 575; *Bowen v. Hackney, supra.* There is authority for the proposition that a vested gift, though subject to a condition subsequent, does not come within the rule against perpetuities. 41 Am. Jur., Perpetuities, sec. 29, p. 74; Re Friday (1933), 170 A. 123, 89 A.L.R. 766; *Shoemaker v. Newman* (1933), 65 F. 208, 89 A.L.R. 1034. On the contrary, it is said that "an executory interest (that is, an interest which cuts off a previous estate rather than follows after it when it has terminated) is not 'vested' until the time comes for taking possession." American Law of Property: Casner, Vol. VI, sec. 24.3, p. 13. In view of our interpretation of item 7 we think it unnecessary to decide which rule applies here.

It is our opinion, and we so hold, that the rule against perpetuities is violated by the terms of Item 7.

"The rule is one of law and not of construction, and it is to be applied even if it renders the express intent of the testator impossible of accomplishment. . . . In the case of wills, the time at which the validity of limitation is to be ascertained is the time of testator's death." The Law of Real Property (3d Ed.) : Tiffany, Vol. 2, secs. 393 and 400, pp. 153 and 163. "If by any conceivable combination of circumstances it is possible that the event upon which the estate or interest is limited may not occur within the period of the rule, or if there is left any room for uncertainty or doubt on the point, the limitation is void. . . . The fact that the event does actually happen within the period does not render the limitation valid." 41 Am. Jur., Perpetuities, sec. 24, pp. 69 and 70. *Moore v. Moore,* 59 N.C. 132.

At the time of testator's death, the youngest child of Cheshire J. Parker then living was two years old. Two have been born since his death. At the time of the institution of this action the younger of these was eighteen. There is still the possibility that other children will be born to Cheshire J. Parker.

The primary intent of Josephus Parker was to encourage and provide for the collegiate education of his grandchildren, the children of Cheshire J. Parker. It would seem unreasonable, considering the will as a whole, that he intended to exclude such grandchildren as might be born after his demise. In some items of his will, other than 6 and 7, he made provision for grandchildren and specifically named them. But in items 6 and 7 he made provision for grandchildren as a class. It was his intention that the trust should continue for a time sufficient to permit even the youngest child to pursue collegiate training of an extended nature or to complete a college course which might for some reason be interrupted; he, therefore, provided that the trust should not terminate until the youngest child was 28 years old. It was his further intention that when the purposes of the trust had been fully accomplished, the *corpus* should then be conveyed to the children of Cheshire J. Parker, and if any child had died in the meantime leaving issue surviving, such issue should receive the share of such child. In other words, the roll would be called at the termination of the trust.

The inquiry is whether the estates created by the will are vested or contingent. The rule against perpetuities inveighs against contingent interests which may not vest within the prescribed period. In other words, "the rule against perpetuities applies only to future contingent estates and is inapplicable to estates already vested." 41 Am. Jur., Perpetuities, sec. 30, p. 74.

". . . (W)hen there is uncertainty as to the person or persons who

are to take, the uncertainty to be resolved in a particular way or according to conditions existing at a particular time in the future, the devise is contingent." *Trust Co. v. Schneider,* 235 N.C. 446, 452, 70 S.E. 2d 578; *Scales v. Barringer,* 192 N.C. 94, 133 S.E. 410. Where there is no gift of an estate, or the income therefrom, or other interest therein, distinct from the division which is to be made equally between all the children and, for the first time, upon the termination of the trust, the "when" of the division is of the essence of the donation and is a condition precedent. It marks both the time of vesting and time of enjoyment of the estate. *Carter v. Kempton,* 233 N.C. 1, 6, 62 S.E. 2d 713. See also *Anderson v. Felton,* 36 N.C. 55.

In item 7 there is no bequest of income to the class as a whole or to any particular individual in the class, nor is there any gift of the *corpus* apart from the provision for conveyance *per stirpes when* the trust has terminated. The persons in whom the estate will ultimately vest are not ascertained at the death of the testator and cannot be ascertained until the termination of the trust. The estate and interests created are therefore contingent.

At the death of testator the possibility existed that the four children of Cheshire J. Parker then *in esse* might die more than twenty-one years and ten lunar months prior to the attainment of the age of twenty-eight by the youngest child of Cheshire J. Parker born after the death of testator. Indeed the possibility still exists. Therefore, the provisions of item 7 violate the rule against perpetuities and are void. The property involved must pass by intestate succession to the heirs at law and next of kin of Josephus Parker.

It is observed that plaintiffs waived in open court any and all rights or claims they may have to any income of the trust property heretofore expended. This judicial disclaimer is binding upon them.

The cause is remanded that judgment may be modified in accordance with this opinion.

Modified and remanded.