BENJAMIN S. HARRISON, EXECUTOR OF THE ESTATE OF JENNIE S. HAR-
RISON v. PEOPLES BANK AND TRUST COMPANY, TRUSTEES UNDER
THE WILL OF JENNIE S. HARRISON; NAN DANIELS HARRISON;
ANN DANIELS HARRISON COSSEBOOM AND HUSBAND, DAVID EARL
COSSEBOOM; JASON STONE COSSEBOOM, MINOR; JAN IVERSON
HARRISON, SINGLE; FRANCIS BUFF ALETA HARRISON, MINOR;
THE UNBORN CHILDREN OF BENJAMIN S. HARRISON; THE UNBORN
CHILDREN OF ANN DANIELS HARRISON COSSEBOOM; THE UNBORN
CHILDREN OF JAN IVERSON HARRISON; THE UNBORN CHILDREN OF
FRANCIS BUFF ALETA HARRISON; AND THE UNBORN CHILDREN OF
BENJAMIN S. HARRISON; WILLIAM S. HOYLE, GUARDIAN AD LITEM;
AND JAMES E. EZZELL, JR., GUARDIAN AD LITEM

No. 707SC178

(Filed 24 June 1970)

1. Wills § 41— rule against perpetuities

The rule against perpetuities provides that no grant or devise of a fu-
ture interest in property is valid unless the title thereto must vest, if at
all, not later than twenty-one years, plus the period of gestation, after
some life or lives in being at the time of the creation of the interest.

2. Wills § 41— testamentary trust — violation of rule against per-
petuities

Testamentary trust providing that the trust income should be paid to
testatrix' son for life, that at the son's death a proportionate share of
the corpus should be paid to each of testatrix' grandchildren who has
then reached the age of 30, with income from the remaining trust corpus
being paid to the grandchildren who are under age 30 and a proportionate
share of the corpus being distributed to each such grandchild upon his
attainment of the age of 30, and that the share of each grandchild who
predeceases testatrix' son or who dies before reaching age 30, and with-
out surviving issue, should go in equal shares to the surviving grand-
children and per stirpes to the surviving issue of any grandchild who
predeceased testatrix' son or died before reaching age 30, with a per
stirpes share of the income being paid to each such great-grandchild until
he reaches age 25, at which time his share of the corpus will be distributed
to him, *held* void as violative of the rule against perpetuities, the limita-
tions to testatrix' unborn grandchildren or those grandchildren who have
not reached age 30 upon death of testatrix, and to testatrix' great-grand-
children both being in violation of the rule.

APPEAL by defendants William S. Hoyle, Guardian ad litem and
James E. Ezzell, Jr., Guardian ad litem from *Bundy, J.,* 8 December
1969 Session, NASH Superior Court.

This is an action for a declaratory judgment instituted by the
executor of the estate of Jennie S. Harrison for the purpose of ascer-
taining whether or not the terms of a testamentary trust created by

the will of Jennie S. Harrison violate the rule against perpetuities. No issue of fact is involved.

The plaintiff alleged that the language contained in the will of Jennie S. Harrison bequeaths interests in the trust created thereby which will not vest within the time required by the rule against perpetuities and, therefore, that the property referred to in said trust should descend to the heirs at law of the testatrix. The defendants alleged that the interests created by the aforesaid testamentary trust do vest within the time required by the rule against perpetuities and, therefore, the said trust should be declared valid and the executor be directed to administer the same according to its terms.

Alternatively, the defendant, William S. Hoyle, Guardian ad litem, alleged that if the subject trust was found to be in violation of the rule against perpetuities because of the limitations to the testatrix's great-grandchildren, such limitations are severable from the limitations to the testatrix's grandchildren, thereby enabling the court to preserve the trust as to the latter stated interests.

No answer was filed by Ann H. Cosseboom and Jan Harrison, adult children of Benjamin S. Harrison. Peoples Bank and Trust Co., trustee, filed answer disclaiming any interest in the controversy and expressing its intention to renounce as trustee.

The case was tried without a jury. The sole question presented to the court for decision was the question of law as to whether Item 8 of the last will and testament of Jennie S. Harrison, deceased, established a valid testamentary trust. The court held the bequest to be violative of the rule against perpetuities and entered judgment in part as follows:

> "NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, that said testamentary trust attempted to be set up in said Item 8 of said will is void and of no legal force or effect and that the plaintiff, Benjamin S. Harrison, as executor of the said will of Jennie S. Harrison, deceased, is directed to administer said estate and distribute the assets thereof without regard to said testamentary trust as if the same had not been a part of said will."

Defendants, William S. Hoyle, Guardian ad litem of the defendant, Frances Buff Aleta Harrison, a minor child of Benjamin S. Harrison, and the unborn children of Benjamin S. Harrison and James E. Ezzell, Jr., Guardian ad litem for Jason Stone Cosseboom and the unborn grandchildren of Benjamin S. Harrison, appeal.

*Thorp and Etheridge by Stephen E. Culbreth for plaintiff appellee.*

*Dill and Fountain by William S. Hoyle for defendant appellant Hoyle, Guardian ad litem.*

*James E. Ezzell, Jr., for defendant appellant Ezzell, Guardian ad litem.*

VAUGHN, J.

[1] "What is ordinarily denominated 'the rule against perpetuities' is as follows: No devise or grant of a future interest in property is valid unless the title thereto must vest, if at all, not later than twenty-one years, plus the period of gestation, after some life or lives in being at the time of the creation of the interest." *Clarke v. Clarke,* 253 N.C. 156, 116 S.E. 2d 449.

[2] The sole question presented by the appeal is whether the trial judge was correct in his conclusion that the trust created in the will of Jennie S. Harrison is invalid because it is violative of that rule. The portion of the will in controversy is as follows:

"(8) After my executor shall have provided for the payment of the taxes, debts, and administration expenses due to be paid by my estate, I do devise, bequeath and convey all the remaining personal property not elsewhere disposed of elsewhere in this Will to The Peoples Bank & Trust Company of Rocky Mount, N. C. and its successors AS TRUSTEE, not for its own use and benefit, but on the hereinafter enumerated trusts, powers and authority:

"A: — The property herein conveyed shall consist of such items as cash, bank accounts, certificates of deposit, Savings & Loan Accounts and deposits, bonds, notes and evidences of debt, insurance payable to my estate, shares of Stock in Mutual Funds and other corporations and companies, as well as choses in action or any kind and type of personal property.

"B: — Without in any way limiting those powers and duties granted by the laws of the State of North Carolina to Trustees and to fiduciaries, I do hereby authorize and empower my trustee to receive, hold, invest, reinvest, buy, sell, and to otherwise invest or to refrain from investing, and to otherwise deal in the properties comprising this trust as my trustee, in the exercise of reasonable prudence, may deem proper and for the best interests of my beneficiary or beneficiaries under this trust.

"C: — During the Month of January of each year during the life of this trust my trustee shall figure the net profit of the trust, after the deduction of all expenses, charges and taxes for the preceding year. Each such preceding years profit shall be paid out during the year in regular and convenient monthly payments to my beneficiary or beneficiaries.

"Payments as outlined above shall be made to my son Benjamin for the duration of his life. After his death, it is my will and desire that his children share equally in the income and benefits of this trust, with their issue standing in the stead of deceased parents on a per stirpes basis thereto, but in the following manner:

"After the death of Benjamin, to any or all of his surviving children who shall then be thirty years of age or older, my trustee shall pay over his or her proportionate share of the corpus of the trust, either in money or in kind as my trustee shall deem 'to the best anvantage of the beneficiary being paid at the time; the trustees will then be relieved of further responsibility as to such share.

"As to such of Benjamin's surviving children as may not have reached the age of thirty years at the time of Benjamin's death, as each one of them reaches the age of thirty years, my trustee shall pay over to said child his or her proportionate share of the remaining corpus of the trust, and be relieved as to same.

"As to the children of Benjamin who shall have predeceased him or died before reaching the age of thirty years, and without leaving issue surviving them, their share or shares shall go in equal parts to Benjamin's surviving children and, on a per stirpes basis, to the surviving issue of any child or children of my son Benjamin who shall have predeceased him or have died before reaching the age of thirty years; this said issue to stand in the stead of the deceased parent as to said parent's equal share of the benefits under this trust.

"As to the shares of the surviving issue of such of Benjamin's children as have predeceased him or died before reaching the age of thirty years, their shares are to remain under the trust and handled as follows: As each one of said issue shall reach the age of twenty-five years, to said issue my trustee shall pay over his or her share of the remaining corpus of the trust, and my trustee shall thereby be released of further re-

sponsibility as to said share or shares. When all the corpus of the trust and the income therefrom has been disbursed, then my trustee shall be relieved of all duties and obligations under the trust.

"9: — At the present time my son Benjamin has the three previously mentioned children: Jan Iverson Harrison, Ann Daniels Harrison and Buff Aleta Harrison. If any additional child or children shall be born to him, said child or children shall share equally with these three as to the benefits under paragraph seven and eight of this Will."

It seems clear to us, and we so hold, that the trial judge was correct in his conclusion that the rule against perpetuities is violated by the quoted provisions of the will.

" 'The rule is one of law and not of construction, and it is to be applied even if it renders the express intent of the testator impossible of accomplishment. . . . In the case of wills, the time at which the validity of limitation is to be ascertained is the time of testator's death.' The Law of Real Property (3d Ed.): Tiffany, Vol. 2, secs. 393 and 400, pp. 153 and 163. 'If by any conceivable combination of circumstances it is possible that the event upon which the estate or interest is limited may not occur within the period of the rule, or if there is left any room for uncertainty or doubt on the point, the limitation is void. . . . The fact that the event does actually happen within the period does not render the limitation valid.' 41 Am. Jur., Perpetuities, sec. 24, pp. 69 and 70. *Moore v. Moore,* 59 N.C. 132." *Parker v. Parker,* 252 N.C. 399, 113 S.E. 2d 899.

The guardian ad litem for testatrix's grandchildren urges that even if the trust created by the will of Jennie S. Harrison is found to be in violation of the rule against perpetuities because of the limitations to the testatrix's great-grandchildren, the provisions for the benefit of the testatrix's grandchildren should be considered distinct and severable from the provisions relating to the great-grandchildren and, therefore, effective. We do not reach the questions raised by this argument for the reason that the limitation to testatrix's unborn grandchildren or those grandchildren who, upon the death of testatrix, have not attained the age of thirty, is also invalid. The rule against perpetuities condemns contingent interests which may not vest within the prescribed period.

"A remainder is vested when it is limited to an ascertained person or persons with no further condition imposed upon the

taking effect in possession than the determination of the precedent estate. * * * A remainder is contingent if the taking in effect in possession is subject to a condition precedent either as to the persons who are to take or as to the event upon which the preceding particular estate is to terminate." 33 Am. Jur., Life Estates, Remainders, etc. Secs. 66, 68 (1941).

Even if all of Benjamin S. Harrison's living children had attained the age of thirty at the time of testatrix's death, there is an express limitation over to those of his children who may be born after testatrix's death and who attain the age of thirty. It is possible that the events upon which the interest is limited may not occur within the period of the rule and the limitation is void. *Parker v. Parker, supra.*

Affirmed.

CAMPBELL and PARKER, JJ., concur.